## FLETCHER *v.* COLLINS.

1. Grounds of a motion for a new trial which are not verified can not be considered by this court. A ground of such a motion will be held not to be verified (*a*) when the record is silent on the subject, (*b*) when the record discloses an affirmative refusal to verify, (*c*) and when the judge appends to the motion a note which states facts in conflict with any statement in the ground which would be material in the consideration of the errors complained of.
2. Assignments of error complaining of the admission or rejection of evidence, either oral or documentary, can not be considered when the evidence admitted or rejected is not embodied in the motion or attached thereto as an exhibit.
3. There is no law in this State authorizing the chief executive officer of a municipal corporation to grant an exclusive right to sell liquor within the limits of such corporation.
4. "That two bailiffs were regularly elected in" a given militia district can not be proved by the parol evidence of the justice of the peace in that district.
5. The election of an officer can not be proved by parol, nor by the production of the "precinct returns of election" made by the managers.

6. The affidavit required by section 4813 of the Civil Code may be administered by any justice of the peace, and it is not essential to the validity of the warrant issued thereon that the affidavit should be made before the justice of the peace of the district where the land lies.

7. The discretion of a trial judge in refusing to continue a case on the ground of the sickness of a party will not be controlled, when the record discloses that "there was much evidence pro and con as to whether" the absent party " was able to attend court and what was his condition." The fact that on the hearing of a motion for a new trial in the case affidavits were read tending to show that the absent party was in fact sick at the date of the trial will not have the effect of varying the rule just stated.

8. Affidavits read at the hearing of a motion for a new trial, setting forth what purports to be newly discovered evidence, will not be considered by this court, when there is no ground in the motion asking for a new trial on account of newly discovered evidence.

9. The alleged newly discovered evidence in the present case was, in part, clearly inadmissible, and, to say the most of the other portion, it was of doubtful admissibility.

10. There was no error in any of the rulings of the judge upon which proper assignments of error were made. The evidence demanded the verdict rendered, and the court did not err in refusing to grant a new trial.

Argued June 11,— Decided July 11, 1900.

Dispossessory warrant. Before Judge Lumpkin. Fulton superior court. October 4, 1899.

*John Clay Smith*, for plaintiff in error.
*E. M. & G. F. Mitchell* and *F. M. O'Bryan*, contra.

COBB, J. This was a proceeding under the provisions of section 4813 of the Civil Code, to oust a tenant. The affidavit which was the foundation of the proceeding set up four reasons why the tenant should be removed. The tenant by counter-affidavit denied the right of the landlord to remove him, and gave four reasons which he claimed would sustain this conclusion. The judge directed a verdict in favor of the landlord, and the tenant, by a motion for a new trial, gave twenty-one reasons why he thought this action was erroneous. Such of the errors as are assigned in a way that we can deal with them are disposed of by the rulings set forth in the headnotes, and we do not think any further discussion of the points involved is necessary. *Judgment affirmed. All the Justices concurring.*