# CASES

## DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

### AT THE

## MARCH TERM, 1916.

---

### 7034.  ALLEN *v.* THE STATE.

1. Reference to the defendant as "the prisoner," or "the prisoner at the bar," in instructions of the court as to the statement of the accused, and in other parts of the charge to the jury, on the trial of one indicted for a misdemeanor, was not subject to exception on the ground that it was unfair to him and tended to degrade and humiliate him, and to disparage his statement, although he had not been actually imprisoned and was under bond for his appearance at the trial.
2-5. The statute which forbids an expression or intimation of opinion by the judge to the jury as to what has been proved, or as to the guilt of the accused (Penal Code, § 1058; Civil Code, § 4863), was not violated in the statement of contentions or in other instructions to the jury, or in the language of the judge to a witness, to which exception is taken in the motion for a new trial.
6. The conviction was authorized, and there was no error that required a new trial.

DECIDED APRIL 17, 1916.  REHEARING DENIED JUNE 21, 1916.

Indictment for stabbing; from Forsyth superior court—Judge H. C. Hammond presiding.  October 18, 1915.

The trial judge, in his charge to the jury, made the following statement of contentions of the State and the accused:

"The State of Georgia contends in this case that on the 15th day of last May, here in the city of Cumming, the prosecutor, Thomas Bennett, left his farm somewhere in this county, and came here late in the afternoon; that he met the defendant Allen

on the street; that there some conversation occurred between them concerning the work that had gone on on the farm for the last few days, the clearing of some eight acres of new ground; that some difference arose between them. The State contends that this conversation between these two men was ordinary and casual, such a conversation as might have occurred between a cropper and landlord, or tenant and landlord, at any time, until Allen, who was mad with the way the work had progressed, charged him with having stolen his apples, whereupon Bennett, as a man would naturally do, resented it, returning to him an insult of equal strength and vigor. The State contends that this insult from Bennett was provoked by one of a serious nature, namely a charge of theft, on the part of Allen in the first instance, not warranted by the circumstances, not warranted by anything in the conversation, but a gratuitous insult then given in temper and anger. The State contends that at the time of the cutting Bennett was not attacking Allen. The State contends that Bennett was using at that time no words or threats or menace towards him. The State contends that Bennett's eyes were directed in another direction when Allen stabbed him, first in the breast, and, as he turned to retreat and leave the scene, again in the back. The State contends that there was no situation, no condition, that warranted any idea of self-defense or justification whatever on the part of Allen, in cutting this man at the time and place named in the indictment.

"On the other hand, the prisoner contends that this man had formerly worked for him and Mr. Collins; that Mr. Collins had discovered where he stole corn, and that while he was a contentious man and a hard man to get along with, still that he was a very smart man, and that he kept him on his farm. He contends that he took his apples, and did not give him his proper share of the apples. He contends that Bennett undertook to meddle with his hands. He contends that other people came there and interfered in this situation between them. He contends that instead of allowing the hands to go on and do the grubbing and clean up the sprouts, he directed them to haul off stumps, which he had not authorized them to do, and he naturally accosted him about it and got into a conversation when he met him here in Cumming, or that they were talking about it at the time; that then this man

Bennett said he would not steal from anybody, or words to that effect; whereupon he said, 'You know you will steal apples, don't you?' and that at the time the prosecutor was surrounded by his friends and family, and that he had come there, as he believed, to raise a row with him; that Bennett had cursed him vilely at the time, for a 'God damn son of a bitch;' that he advanced upon him with his hand in his pocket, and that he saw that he would have to run off the streets, or defend himself, which he did by pulling his knife and stabbing him twice, quickly and on the instant; that he was acting under the fears of a reasonable man that some serious bodily harm was then and there about to be done him, and that in this apprehension he was justified, under the circumstances then and there presented."

In the motion for a new trial it was alleged that the court erred in the foregoing statement of the State's contentions, for the following reasons: It was a statement as to what the prosecution had shown and a summary of the evidence introduced by the prosecution, and in making it the judge expressed and intimated an opinion as to what had been proved and what had not been proved. It was argumentative and stated not only what had been proved, but the insistence of the prosecution on these facts. It was not a statement of the contentions of the prosecution, but was a statement of the evidence introduced by the prosecution; and the objections to it are not removed by the fact that it was prefaced by the words "The State contends." Specified parts of the statement of contentions were excepted to on like grounds.

It was alleged that the court erred also in the foregoing statement of contentions of the accused; that it was incorrect in specified parts; that it was a summing up of the defendant's statement and an expression on the part of the court as to what the defendant had stated, and the court had no right to sum up the statement; and that this part of the charge was argumentative and was an expression as to the legal force and effect of the defendant's statement.

Cited by counsel: Civil Code (1910), § 4863: *Thomas v. State*, 95 *Ga.* 484 (3); *McVicker v. Conkle*, 96 *Ga.* 597; *Smith v. Hazlehurst*, 122 *Ga.* 786, 788-92; *Davis v. State*, 91 *Ga.* 167; *Rouse v. State*, 2 *Ga. App.* 184; *Waters v. State*, 3 *Ga. App.* 649; *Edwards v. State*, 4 *Ga. App.* 167 (2); *Brown v. State*, 6 *Ga. App.*

360; *Pettyfoot* v. *State*, 7 *Ga. App.* 26; *Henderson* v. *State*, 14 *Ga. App.* 672, 674.

*George F. Gober, W. I. Heyward,* for plaintiff in error.

*Herbert Clay, solicitor-general,* contra.

WADE, J. 1. "Prisoner at the bar. An accused person, while on trial before the court, is so called." Black's Law Dictionary, 939. One accused of crime, who is actually on trial, is in legal effect a "prisoner at the bar," notwithstanding he has given bond for his appearance at the trial. He is a "prisoner" if held in custody either under bond or other process of law, or when physically held under arrest, and when actually on trial he is a "prisoner at the bar." The trial judge therefore did not err in referring to the accused, during the progress of the trial and in his charge to the jury, as the "prisoner" and the "prisoner at the bar," notwithstanding the accused was under bond. See, in this connection, 6 Words & Phrases, 5566-7. The description "prisoner at the bar" is altogether as applicable to one on trial for a misdemeanor as for a felony, and the statute providing for the examination of jurors on voir dire in trials for felonies expressly prescribes this form of reference to the accused, regardless of whether the accused be under bond or not. Penal Code, § 1001.

2. There is no substantial merit in the 2d, 3d, 4th, and 5th grounds of the amendment to the motion for a new trial, complaining of certain excerpts from the charge of the court, either as containing intimations of opinion as to what had or had not been proved in the case, or as being argumentative, or as unduly stressing the contentions of the State, or as incorrectly stating the contentions of the State or of the defendant. The various charges complained of, when taken all together, were not in violation of section 1058 of the Penal Code (Civil Code, § 4863), and were not harmful to the defendant, but fairly presented the issues involved. The contentions of both the State and the accused were stated with fullness, but with apparent fairness, and those of the State were not unduly stressed. *Brown* v. *State*, 6 *Ga. App.* 356 (64 S. E. 1119).

3. There was no error in the instruction given the jury as to the weight they might attach to the statement of the defendant. The instruction that "while the prisoner goes upon the stand where the witnesses go and give their testimony, he is not under oath,"

was not subject to the exception that it was argumentative; nor did the reference to the defendant as a "prisoner" minimize, disparage, or belittle his statement to the jury. The charge of the court placed on the statement the value attached to it by the statute itself. Penal Code, § 1036.

4. There was no harmful error in the following excerpt from the charge: "You are not to determine a bare physical fact, which in this particular case is not disputed, that Sam Allen stabbed Tom Bennett twice with his knife; you are to determine what was the spirit, what was the motive, and what was the intent back of this." The uncontradicted testimony established the fact of the stabbing, and the defendant said in his statement to the jury, "I reckon I cut at him right here [indicating], and, as he turned, his shoulder right here [indicating]. It was all done that quick [snapping finger]." It was entirely immaterial whether the defendant cut the man he assaulted "twice" as stated by the presiding judge, or only once, since the number of cuts inflicted by the defendant could not affect the criminality of the act under the facts disclosed by the record. The important fact of the cutting referred to by the judge was not in dispute, and under these circumstances, and notwithstanding the general plea of not guilty interposed by the defendant, it can not be said that this statement by the court was harmful to the accused, and should therefore require the grant of a new trial.

5. Since the uncontradicted evidence showed that the defendant cut the prosecutor, and the accused, in his statement to the jury, freely admitted the cutting, though claiming justification therefor, the fact that the presiding judge, while the prosecutor was on the stand as a witness, said to him, "Come around here and let me see the place he cut you," will not require the grant of a new trial on the ground that it amounted to an expression of opinion by the presiding judge that the prosecutor had been in fact cut by the defendant.

6. The verdict was authorized by the evidence and the statement of the accused; and there was no such error in the trial of the case as, in the interest of a fair and impartial administration of the law, requires the grant of a new trial; and the trial judge properly overruled the motion therefor.

*Judgment affirmed. Russell, C. J., absent.*