## Catlin *v.* The State.

Fish, C. J. 1. Will Almand, Merritt Catlin, et al. were jointly indicted, charged with the murder of Charley Burson. Will Almand was separately first tried, and upon conviction he moved for a new trial, which was refused, and he excepted. Subsequently, Merritt Catlin was separately tried and found guilty; and his motion for a new trial having been overruled, he excepted. The rulings made in Almand's case, this day decided, are now reaffirmed in the case of Catlin.

2. There was evidence to authorize an instruction to the jury as to the law of conspiracy.

3. The court instructed the jury: "If you find any evidence, in your investigation of the case, as to any threats that may have been made by Will Almand when Merritt Catlin was not present, you may consider that evidence solely for the purpose of determining whether Will Almand had a motive in entering into a conspiracy; but if you find there was no conspiracy, or have a reasonable doubt as to whether there was a conspiracy, then pay no attention to the evidence as to threats that may have been made by Will Almand when Merritt Catlin was not

present, and do not allow that to have any weight on your minds in determining the question as to the guilt or innocence of Merritt Catlin." *Held*, that this instruction was not erroneous, as the movant contends it was, on the ground that the last paragraph was unfair to him, was not authorized by law, and that he should not be bound by any threats made by Will Almand not in his presence, even though such threats might be admissible against Will Almand in his trial for murder; that it is nowhere shown in the evidence that defendant.knew of such threats, or motive on the part of Will Almand."

4. The court did not err in admitting evidence of such threats as are referred to in the foregoing instruction, to be considered solely for the purpose therein indicated; nor in admitting evidence to the effect that prior to the killing of Burson, Will Almand had been arrested for violation of the prohibition law, on information given by the decedent, such evidence to be considered by the jury solely on the question as to whether Will Almand had a motive for entering into a conspiracy, if there was one, to kill Charley Burson.

5. There was evidence to support the verdict, and the court did not abuse its discretion in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Beck, P. J., absent, and Atkinson, J., dissenting from the reaffirmance of the ruling in the first headnote of the Almand case.*

No. 1284.    June 13, 1919.

Indictment for murder. Before Judge Cobb. Walton superior court. December 13, 1918.

The plaintiff in error was found guilty of murder, the jury recommending a sentence of life imprisonment. He excepted to the refusal of a new trial.

*R. L. Cox* and *Orrin Roberts,* for plaintiff in error.

*Clifford Walker,* attorney-general, *W. O. Dean,* solicitor-general, and *M. C. Bennet,* contra.