## 11633.  NEW *v.* THE STATE.

Continuances for absence of counsel are not favored; and a new trial is
not required because of the overruling of a motion for a continuance,
based upon absence and alleged illness of leading or original counsel for
the movant, where the evidence submitted on the hearing of the motion
was in conflict as to the physical condition of the absent counsel and as
to whether he was unable to be present and participate in the trial,
and where the movant was represented by other competent counsel on
the trial and it does not appear that he was injured by the absence of
counsel.

Approval with material qualifications by the trial judge is not sufficient
approval of a special ground of a motion for a new trial; and a ground
thus approved will not be considered by this court.

Testimony of a codefendant as to a proposal to him by the defendant to
join in robbing a bank at Lawrenceville, and as to a trip by them to
Lawrenceville for that purpose on the day preceding the day of the
robbery of the bank at Duluth alleged in the indictment, was admissi-
ble as tending to show motive and intent on the part of the defendant;
and testimony of other witnesses as to seeing three white men and
another blacked up, driving around Lawrenceville, was admissible to
corroborate the testimony of this witness.

The trial judge, in explaining to counsel in the presence of the jury his
ruling on the admissibility of certain testimony, did not err in intimat-
ing that a certain collateral fact established by undisputed evidence
and not denied by the defendant had been proved.

The jury were authorized to find that circumstantial evidence introduced
by the State was sufficient to corroborate the testimony of the accom-
plice as to the guilt of the defendant.

DECIDED NOVEMBER 11, 1920.

Indictment for robbery; from Gwinnett superior court — Judge
Cobb.  March 2, 1920.

Application for certiorari was denied by the Supreme Court.

The testimony of Webb as to the proposal of the defendant New to the witness to join in robbing the bank at Lawrenceville, and their trip to Lawrenceville for that purpose on the day preceding the alleged robbery at Duluth, was admitted over the objection that it related to a different transaction from the one charged in the indictment, and was irrelevant, immaterial, and prejudicial to the defendant. In the motion for a new trial it is contended that "any testimony as to the proposed robbery of the bank at Lawrenceville . . was irrelevant and immaterial to the single issue on the trial then pending, . . and was further illegal and prejudicial to the defendant, in that it tended to establish defendant's guilt in an entirely different transaction, and to establish defendant's bad character when he had not put his character in issue; and. such testimony was inadmissible for the further reason that even if the defendant had put his character in issue, the State was not permitted to prove his bad character by specific instances of other crimes participated in by him."

The 5th division of the decision relates to the following ground of the motion for a new trial: " 9. Because, as movant insists, the court erred, in ruling upon the following objection in the hearing of the jury, in expressing or intimating an opinion upon the testimony, in violation of § 4863, and in assuming to be proved as a fact that the witness Bernard actually saw a car-top at Miller's garage, when the defendant's plea of guilty put in issue every relevant fact that could. be proved by the prosecution in behalf of the State. Defendant's counsel objected to the evidence of the witness Bernard that the fender of a car had dents through it, upon the ground that such testimony was not in rebuttal and had been held inadmissible by the court because the witness's identification of the car was dependent upon what Miller had told him, when the court ruled as follows: ' I have ruled out everything the witness has said that appears from his own statement is not of his own knowledge. I will allow the description of the car to remain in. I also allow to remain in the fact that he saw a car-top at Miller's. It is for the jury to say whether this car he is talking about is the car in question.' Movant insists that the court's statement that it was a fact that the witness saw a car-top at Miller's was error and amounted to an expression of opinion that

the testimony of the witness Bernard, to the effect that he had seen a car-top at Miller's, was true, thereby unduly enhancing the credit of the witness Bernard before the jury."

*Richard B. Russell, Kelley & Kelley, R. N. Holt, R. R. Jackson,* for plaintiff in error.

*W. O. Dean, solicitor-general, O. A. Nix, I. L. Oakes,* contra.

BROYLES, C. J. 1. Continuances for the absence of counsel are not favored. A strict showing is required, especially where competent counsel other than the absent counsel has been secured and it is not shown that the defendant was injured by the absence of his original or leading counsel. The discretion of the judge in refusing to continue a case on the ground of providential absence, on account of sickness, of the defendant's leading counsel will not be controlled, when the record discloses that there was much evidence pro and con as to whether the absent counsel was really unable to attend court and what was his actual physical condition. *Fletcher* v. *Collins,* 111. *Ga.* 253(7) (36 S. E. 646); *Curry* v. *State,* 17 *Ga. App.* 377 (87 S. E. 685), and cases cited. Under the above ruling and the facts of the instant case, it does not appear that the judge abused his discretion in overruling the defendant's motion for a continuance.

2. Where a special ground of a motion for a new trial is not approved by the judge as true, but is approved with certain material qualifications, it will not be considered by this court. "If the judge approve the ground of the amendment, without more, this is a sufficient approval; but an express approval with certain added qualifications is not an unqualified approval of the ground as true." *McLean* v. *Mann,* 148 *Ga.* 114(1) (95 S. E. 985), and citations; *Griggs* v. *State,* 17 *Ga. App.* 301 (86 S. E. 726), and citations. Under this ruling the 5th special ground of the motion for a new trial cannot be considered.

3. The defendant (Fred New), Keith Nix, Tab Lowery, Fred Webb, and Olin New were jointly charged with robbing a bank in Duluth, Gwinnett county, on the 7th day of August, 1919. The defendant was tried separately, and upon his trial Fred Webb testified, in substance, as follows: that about three months before the trial he met Nix, Lowery, and the defendant in Atlanta, and that Nix and the defendant asked him if he wanted to join them

in robbing the bank in Lawrenceville, and that from then on they kept getting in touch with each other for the purpose of robbing that bank; that on the 6th day of August, 1919, about seven o'clock in the morning, he, Keith Nix, Tab Lowery, and the defendant left Atlanta in a Cadillac-eight automobile and drove direct to Lawrenceville, the defendant driving the car; that before they reached Lawrenceville they stopped and the defendant blacked his face; that they then drove on to Lawrenceville, passed the bank, and drove around the town, stopping at one place and another, watching for an opportunity to rob the bank; that they finally decided there were too many people in the town for them to make the attempt, and agreed to go to Duluth and rob the bank there; that they accordingly left Lawrenceville, about eleven o'clock in the morning, and drove straight to Duluth; that they decided there was too big a crowd in Duluth, and that they would wait until the next day and rob the bank early in the morning; that they spent the night at Olin New's house not far from Duluth; that the next morning they drove in the car to Duluth, but before they got there they stopped the car and the defendant blacked his face; that they drove up pretty close to the bank in Duluth, and that the defendant was driving the car; that Keith, Lowery, and the witness walked into the bank, pointed their pistols at the cashier, and forced him to unlock the safe, and that they took a large amount of money therefrom, which they put in a sack and carried away with them in the automobile; that while Keith, Lowery and the witness were robbing the bank, the defendant was waiting for them in the automobile, with his face blacked like a negro's. Under these circumstances the testimony of the accomplice as to the plan to rob the bank in Lawrenceville and as to the presence and actions of the defendant and his accomplices in Lawrenceville on the day prior to the robbery of the bank in Duluth was admissible, as tending to show the motive and intent of the defendant; and likewise it was not error for the court to admit the testimony of other persons as to seeing three white men and another white man blacked up like a negro driving around in Lawrenceville in an automobile on the day previous to the robbery of the bank in Duluth, although none of these witnesses could swear that the defendant was one of the men. This latter evidence tended to corroborate the testimony of the accomplice, and was a circum-

stance that could properly be considered by the jury. See, in this connection, *Frank* v. *State,* 141 *Ga.* 243 (80 S. E. 1016), and authorities there cited; *Lee* v. *State,* 8 *Ga. App.* 413 (69 S. E. 310).

4. Under all the particular facts of the case, no reversible error is shown by the 7th, 8th, 13th, or 14th ground of the amendment to the motion for a new trial.

5. Where the judge is explaining to counsel for the defendant his ruling on the admissibility of certain evidence, it is not error for the judge to intimate that a certain collateral fact, which was established by undisputed evidence and not even denied by any statement of the defendant, has been proved. *Dexter Banking Co.* v. *McCook,* 7 *Ga. App.* 436 (67 S. E. 113); *Curry* v. *State,* 17 *Ga. App.* 312 (86 S. E. 742); *Allen* v. *State,* 18 *Ga. App.* 1 (88 S. E. 100); *Sistrunk* v. *State,* 18 *Ga. App.* 42 (88 S. E. 796).

6. Upon the defendant's trial an accomplice testified that he and the defendant and two other men robbed the bank at Duluth. The defendant put up no witness and made no statement. The State introduced circumstantial evidence which was sufficient to authorize the jury to find that it corroborated the testimony of the accomplice as to the fact that the defendant on trial was the perpetrator of the offense charged, or so concerned in the perpetration thereof that he was guilty under the law of the crime charged in the indictment. See, in this connection, *Almand* v. *State,* 149 *Ga.* 182 (99 S. E. 795); *Catlin* v. *State,* 149 *Ga.* 184 (99 S. E. 619); *Davis* v. *State,* 25 *Ga. App.* 532 (103 S. E. 819).

7. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*