### 12732. ALLEN *v.* THE STATE.

BLOODWORTH, J. 1. An opinion as to what had been proved was not expressed by the judge in charging the jury as set out in grounds 4 and 5 of the motion for a new trial. See, in connection with ground 4, *City & Surburban Ry. Co.* v. *Findley,* 76 *Ga.* 311 (3), 317; *Brown* v. *State,* 6 *Ga. App.* 356 (64 S. E. 1119); *Allen* v. *State,* 18 *Ga. App.* 1 (88 S. E. 100).

2. The excerpts from the charge embraced in grounds 5 and 6 of the motion for a new trial contain no error harmful to the defendant.

3. The brief of counsel for plaintiff in error contains no " general insistence upon all the grounds of the motion " (Ga. L. 1921, p. 232), and grounds 7 and 8 are not mentioned in the brief of counsel for the plaintiff in error, and therefore are at least " impliedly " abandoned.

4. The evidence is sufficient to support the verdict, which has the approval of the trial judge, and the judgment is

*Affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED NOVEMBER 17, 1921.

Accusation of possessing intoxicating liquor; from city court of Macon — Judge Gunn. July 23, 1921.

The instructions complained of in grounds 4, 5, and 6 of the motion for a new trial were: (4) " In the case at bar the State contends that the defendant on trial was running a little store in this county, and that police officers of the city of Macon went out to this store and they arrested the defendant and another person found on the premises, the other person being found with some whisky on his person; and that that other person, immediately and in the presence of the defendant, stated that the whisky found upon him belonged to the defendant, and that he had it for the purpose of selling it for the defendant. The State fur-

ther contends that the defendant poured whisky upon the floor of his store out of a bottle that was found where the whisky was poured." (5) "The court charges you, however, that before you would be authorized to convict the defendant as to whisky claimed to have been found on the person of another, and upon the declarations or admissions of that person (although made in the presence of the defendant) to the effect that the whisky belonged to the defendant, that you would have to believe, from a consideration of all the evidence, that the other evidence in the case corroborated the statement of the co-conspirator." (6) "If you should not find from a consideration of the evidence that the declaration of the co-conspirator was corroborated by other evidence, then you would not be authorized to find the defendant guilty upon that declaration or admission of the co-conspirator. " As to the part of the charge set out above which is complained of in ground 4, it is contended that an opinion as to what had been proved was expressed or intimated as follows: "that a bottle was found near where the whisky was poured," and that the other person, "immediately and in the presence of the defendant, stated that the whisky found upon him belonged to the defendant." It is contended that "the judge has no right to sum up the evidence in a State court, but this practice is peculiar to the courts of the United States, and that for a trial judge in a State court to sum up the evidence is harmful error." The part of the charge set out in ground 5 is complained of as having expressed or intimated an opinion that "declarations or admissions" referred to therein were made in the presence of the defendant, and that the defendant was a co-conspirator with the person who made them; also upon the ground that "it was error for the court to fail to charge that there is no distinction in misdemeanors between principals and accessories, and that all are principals. " The instruction set out in ground 6 is complained of on the ground that "the court invaded the province of the jury here, and told them that Tom Holmes and George Allen were co-conspirators."

*H. F. Rawls,* for plaintiff in error, cited: Civil Code (1910), § 4334; 91 *Ga.* 167; 96 *Ga.* 584; 3 *Ga. App.* 651 (3); 1 *Ga. App.* 542 (1).

*Roy W. Moore, solicitor,* contra.