#### 13328.  PLUMMER v. THE STATE.

It was not necessary for the trial judge to read or quote literally in his charge to the jury the statute defining the offense for which the defendant was being tried, the indictment being practically in the language of the statute and full and specific as to the acts charged in it and the essential elements of the crime, and the jury being instructed to the effect that the allegations of the indictment must be made out before they would be authorized to find a verdict of guilty.

The court's statement of the State's contentions did not invade the province of the jury.

The charge as to alibi was not subject to the exception taken.

> DECIDED APRIL 11, 1922.

Conviction of shooting at another; from Bibb superior court —
Judge Malcolm D. Jones. January 28, 1922.

On the ground that in charging as to the contentions of the State the court invaded the province of the jury and assumed the truth of the witness Newberry's testimony, exception was taken

to the following extract from the charge, referred to in the 2d division of the decision: " The State contends in this case that E. F. Newberry, a revenue officer, went into a certain part of this county hunting for a still, that he approached through a swamp a still which was in operation or about to be operated, that the defendant Henry Plummer was there at the still, that Newberry, making some noise, attracted the attention of the defendant, who turned and asked, ' Who is that ? ' and that Newberry answered, making some answer (you will remember the testimony), whereupon the defendant reached for a shot-gun and, aiming in the direction of Newberry, fired, and the shot went just a little above Newberry's head, he having dropped to his knees. " The court added: " Now, if you believe that contention by the State, then you would be authorized to find the defendant guilty, provided, of course, that contention has been established beyond a reasonable doubt. "

*John R. Cooper, W. O. Cooper Jr.,* for plaintiff in error.

*Charles H. Garrett, solicitor-general,* contra.

BLOODWORTH, J. 1. Plaintiff in error was indicted for shooting at another. The trial resulted in a verdict of guilty. A ground of the motion for a new trial alleged that " the court erred in omitting to charge the jury section 115 of the Criminal Code of the State of Georgia of 1910, under which the defendant was indicted." The indictment was practically in the language of the code, contained a statement of every material element necessary to constitute the crime charged, and was " full and minute in setting forth the acts laid to the prisoner's charge." In his instructions to the jury the judge quoted the material parts of the indictment, and told them that if the allegations of the indictment were made out beyond a reasonable doubt, they would be authorized to find a verdict of guilty. Having thus instructed the jury, it was not necessary for the judge to charge them further in the exact language of the statute. *Smith* v. *State,* 63 *Ga.* 170 (14).

2. For no reason assigned did the judge err in stating the contentions of the State, as complained of in the 2d ground of the amendment to the motion for a new trial. See, in this connection, *Brown* v. *State,* 6 *Ga. App.* 356 (64 S. E. 1119) ; *Allen* v. *State,* 18 *Ga. App.* 4 (2), 88 S. E. 100; *Allen* v. *State,* 27 *Ga. App.* 625 (110 S. E. 627) ; *Pritchett* v. *State,* 92 *Ga.* 66 (7) (18 S. E. 536) ; *City & Suburban Ry.* v. *Findley,* 76 *Ga.* 311.

3. The court charged the jury as follows: "But aside from that feature of the law of alibi, even though it does not establish the alibi to your reasonable satisfaction on the general case, the general consideration of the case, it is your duty to consider his plea of alibi and all the evidence relative to the alibi with all the other evidence in the case, and if the evidence as to alibi, or any other evidence in the case, generates a reasonable doubt as to his guilt, then you would find him not guilty." This portion of the charge is alleged to be error "because the court used the preposition ' or ' when he should have used the conjunction ' and.' " There is no merit in this exception. The charge as given was more favorable to the accused than if the court had charged as contended for in this ground of the motion for a new trial.

4. There is evidence to support the verdict; no error of law is shown to have been committed upon the trial of the case, and the motion for a new trial was properly overruled.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*