*J. M. Austin,* for plaintiff in error.

*H. J. MacIntyre, solicitor,* contra.

———

14646.  Tinsley *v.* The State.

Bloodworth, J.  1.  "The evidence that before the trial the accused forfeited his appearance bond [the writ of scire facias] was properly admitted.  'While not conclusive, an order of the trial judge forfeiting the defendant's recognizance on his failure to appear for trial is some evidence of his flight, and is admissible in evidence as a circumstance to be considered by the jury in determining his guilt or innocence.' State *v.* Kesner, 72 Kan. 88 (3)."  *Jones* v. *State,* 26 *Ga. App.* 636 (3) (107 S. E. 166).

2. On the trial of the defendant on the charge of making intoxicating liquor the sheriff swore that at the time of his arrest, which was on Saturday, the clothes of the defendant "were very dirty," and further swore: "I am pretty sure it was still slop on his clothes."  Under all the facts of the case it was not error requiring the grant of a new trial for the court to refuse to allow a witness to testify that he "saw the defendant the next day, on Sunday, as soon as he was released from jail, and he had no still slop on his clothes, and that he had on the same clothes as when arrested by the officers."  Had it been stated that the witness would have sworn, or had it been shown, that the clothes of the defendant, when the witness saw them on Sunday, were in the same condition as when the defendant was arrested on Saturday, a different question might have been presented.

3. The charge that the proved facts must be "sufficient to show the defendant's guilt to the satisfaction of the jury, under the rules of law, and also sufficient to exclude every other reasonable hypothesis except that of the guilt of the defendant," when considered in connection with the remainder of the charge of the court and the evidence, was a proper charge on the law of circumstantial evidence; and it is not rendered incorrect because the court failed, in the same connection, to give to the jury other appropriate instructions.  *Conley* v. *State,* 21 *Ga. App.* 134 (94 S. E. 261), and cit.

4. The judge did not err in his charge on alibi, as complained of in the 4th special ground.  The judge explained to the jury the meaning and effect of an alibi, and instructed them that the burden was on the defendant "to establish his alibi to the reasonable satisfaction of the jury;" and that if the defendant did this, he would be entitled to a verdict of not guilty; and that if the evidence as to alibi within itself was not sufficient to acquit him, then it should be considered in connection with the other evidence in the case "in determining whether the prosecution has or has not shown his guilt."  See *Plummer* v. *State,* 28 *Ga. App.* 475 (3), 477 (111 S. E. 691).

5. There was evidence to the effect that a hot still with a fire in the furnace, and some products left after distillation were found within 150 yards of defendant's home; that "the only main trail" led towards his house; that a still cap and worm and several jugs of whisky were found between the still and his home; a jug of whisky was found in the house where he lived; and he was found in the yard in front of his home, about 150 yards from the still, asleep and intoxicated; that he had in his pocket "a proof vial used in testing whisky when it is made," and that he was very dirty, and the witness was "pretty sure it was still slop on his clothes." This evidence, if believed by the jury, was sufficient to convict the defendant of making liquor; and the trial judge having approved a verdict so finding, and no reversible error of law appearing, the judgment overruling the motion for a new trial must be        *Affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED JULY 11, 1923.

Indictment for manufacture of liquor; from Cherokee superior court — Judge Blair. April 7, 1923.

*Brooke & Henderson,* for plaintiff in error.

*John S. Wood, solicitor-general,* contra.