17957.　BIRD <em>v.</em> THE STATE.

The motion for a mistrial, because of the highly improper and prejudicial argument of counsel for the prosecution, as to the defendant's failure to put his character in issue and what would have been shown if he had done so, should have been granted.

DECIDED APRIL 12, 1927.

Larceny after trust; from Cobb superior court—Judge Wood. January 15, 1927.

*Mozley & Gann,* for plaintiff in error.

*George D. Anderson, solicitor-general,* contra.

LUKE, J.　1.　A ground of the motion for a new trial is as follows: "While John T. Dorsey, attorney at law assisting the prosecution, was making the concluding argument for the prosecution, he stated to the jury that the defendant had the right to put his character in issue; that he had not done it; that he knew better than to put his character in issue; that if he had put it in issue, they would have shown him up; that they would have shown his conduct in Rome.　At this point in the argument movant's counsel moved the court to declare a mistrial, on the character of the argument of said attorney.　The court overruled the motion, and stated to said attorney that he had better argue the evidence. To this refusal of the court to declare a mistrial movant excepted then, he excepts now, and assigns the same as error and contrary to law."　To this ground the court added the following note: "The court did not hear the portion of the argument of counsel

Criminal Law, 16 C. J. p. 905, n. 85; p. 907, n. 22.

for the prosecution as complained of herein, but counsel for defendant did move for a mistrial upon the ground, as he insisted, that counsel for prosecution had used language substantially as set out in said ground, counsel for prosecution not denying the use of such language. The court overruled said motion, and reprimanded counsel for prosecution, admonishing him to adhere to the testimony in the case." The verification of the amendment to the motion for a new trial is as follows: "Grounds of this amendment are hereby certified as true, as corrected."

1. The argument complained of was highly improper and prejudicial to the defendant's case, and the court erred in overruling the timely motion for a mistrial. *Smoot* v. *State*, 146 *Ga.* 76 (90 S. E. 715).

(*a*) The note of the trial judge does not conflict with any material portion of the foregoing assignment of error, and this ground is sufficiently verified. See, in this connection, *Fletcher* v. *Collins*, 111 *Ga.* 253 (36 S. E. 646).

2. Ground 1 of the amendment to the motion for new trial discloses no reversible error; ground 2 is neither argued nor insisted upon in the brief of counsel, and ground 4 is .without merit.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*