## MIKA, *alias* GNATEK, *v.* THE STATE.
## MIKA, *alias* KOZIELEC, *v.* THE STATE.

JENKINS, Justice. 1. These cases, which involve convictions under one verdict in the same trial, and with the same exceptions, are decided together.

2. The Supreme Court, rather than the Court of Appeals, has jurisdiction of these writs of error under an indictment for robbery by open force and violence (Ga. L. 1937, pp. 490, 491; Code Supp., § 26-2502), since the statute imposes the death penalty unless the jury shall recommend mercy as provided, and the constitution gives exclusive jurisdiction to this court of writs of error in all "cases of conviction of a capital felony." Code, § 2-3005. Jurisdiction turns, not on what punishment is actually imposed, but on whether a conviction is had "of a capital felony." Thus this court has jurisdiction of the bill of exceptions where one is convicted of murder, even though under the jury's recommendation the defendant is sentenced only to life imprisonment; whereas when under a murder indictment one is convicted, not of murder, but of a lower grade of homicide such as manslaughter, this court is without jurisdiction, since the defendant has not been convicted of the capital felony as charged. *Cæsar* v. *State,* 127 *Ga.* 710, 712 (57 S. E. 66); *Dawson* v. *State,* 130 *Ga.* 127, 133 (60 S. E. 315). See *Reams* v. *State,* 24 *Ga. App.* 135 (100 S. E. 230), and cit.; *Simpson* v. *State,* 12 *Ga. App.* 292 (3) (77 S. E. 105). The cases here involved were not robbery by intimidation under the Code, §§ 26-2501, 26-2503, which is punishable by imprisonment for not less than two years nor more than twenty years, and the jurisdiction of which is therefore in the Court of Appeals. *Meri-*

*wether* v. *State*, 189 *Ga.* 746 (2, 3) (8 S. E. 2d, 72). Here the indictment charged that the robbery was committed not only "fraudulently" but "by force and violence" and "with force and arms," and the judge thus correctly construed the indictment in charging the jury, and in not submitting to them any issue as to robbery by intimidation. See *Harris* v. *State*, 191 *Ga.* 243, 253 (12 S. E. 2d, 64).

3. The general grounds are neither argued nor insisted upon. Moreover, essential evidence for the State, which is set forth in the special grounds excepting to certain charges, authorized the verdict, was not rebutted, and each of the defendants in his statement to the jury admitted the alleged attack on the police officers while being taken in the officers' automobile from Florida back to Georgia for trial on another indictment. They admitted the taking of the automobile by force, as charged in the present indictment, coupled merely with a statement that they did this because they were scared and wanted to escape from the other trial, after other persons had told the defendants that they "would get fifteen or twenty years for what [they had] done in Georgia."

4. The judge did not err in briefly stating the contentions of the State according to some of its testimony, and in thus slightly elaborating the general language of the indictment, where such instruction was fairly given, did not misstate such testimony, did not state these contentions as facts, and was not opinionative or argumentative; especially where such charge was immediately followed by an instruction that this "*contention* upon the part of the State must be supported by evidence to your satisfaction, beyond a reasonable doubt of the guilt of the defendants, before you would be authorized to convict the defendants, or either of them, under this indictment." *Pritchett* v. *State*, 92 *Ga.* 65 (7), 74 (18 S. E. 536); *Screven* v. *State*, 169 *Ga.* 384 (4), 390 (150 S. E. 558); *Millen & Southwestern R. Co.* v. *Allen*, 130 *Ga.* 656, 658 (61 S. E. 541), and cit.; *City & Suburban Ry.* v. *Findley*, 76 *Ga.* 311 (3), 317; *Thomas* v. *State*, 95 *Ga.* 484 (3), 488 (22 S. E. 315); *Nelson* v. *State*, 124 *Ga.* 8 (52 S. E. 20), and cit.; *Brown* v. *State*, 6 *Ga. App.* 356, 360 (64 S. E. 1119); *Smith* v. *State*, 24 *Ga. App.* 654 (2, a) (101 S. E. 764); *Plummer* v. *State*, 28 *Ga. App.* 475, 476 (111 S. E. 691); *Wilkes* v. *State*, 16 *Ga. App.* 185, 187, 188 (84 S. E. 721); *Johnson* v. *State*, 27 *Ga. App.* 668 (4) (109 S. E. 508); *Griffin* v. *State*, 34 *Ga. App.* 526, 528 (130 S. E. 368), and cit.

5. "In the absence of a written request, it is not error requiring a reversal for the judge to fail to instruct the jury upon the law of confessions," as set forth in the Code, § 38-420. *Patterson* v. *State*, 124 *Ga.* 408 (2), 410 (52 S. E. 534); *Walker* v. *State*, 118 *Ga.* 34 (3) (44 S. E. 850); *Lindsay* v. *State*, 138 *Ga.* 818 (6), 822 (76 S. E. 369); *Cantrell* v. *State*, 141 *Ga.* 98 (2) (80 S. E. 649); *Benjamin* v. *State*, 150 *Ga.* 78 (102 S. E. 427); *Brantley* v. *State*, 154 *Ga.* 80 (3) (113 S. E. 200), and cit.; *Gore* v. *State*, 162 *Ga.* 267 (3) (134 S. E. 36).

6. Under the foregoing rulings, the court properly refused a new trial.

*Judgment affirmed. All the Justices concur.*

Nos. 14580, 14581. JULY 7, 1943. REHEARING DENIED JULY 19, 1943.

*James R. Venable, F. Joe Turner,* and *Frank A. Bowers,* for plaintiffs in error.

*T. Grady Head, attorney-general, Frank B. Willingham, solicitor-general, L. C. Groves, assistant attorney-general,* contra.