### 32156. CLIMER v. THE STATE.

TOWNSEND. J. The plaintiff in error was indicted, tried, and convicted of rape. The jury fixed his punishment at one year in the penitentiary. His bill of exceptions assigns error on the overruling of his motion for a new trial.

Art. VI, sec. II, par. IV of the Constitution of this State (Code § 2-3704) vests appellate jurisdiction in the Supreme Court of all cases of conviction of a capital felony.

Punishment for rape is prescribed by Code § 26-1302 as follows: "Punishment; recommendation by jury to mercy.—The crime of rape shall be punished with death, unless the defendant is recommended to mercy by the jury, in which case the punishment shall be for not less than one nor more than 20 years."

Rape is therefore a capital felony, and since under the construction given the constitutional provision by the Supreme Court, jurisdiction turns, not on what punishment is actually imposed, but on whether a con-

viction is had of a capital felony, the Supreme Court, and not the Court of Appeals, has jurisdiction of this case. See *Caesar* v. *State*, 127 *Ga.* 710 (57 S. E. 66); *Mika* v. *State*, 196 *Ga.* 473 (26 S. E. 2d, 616); *Birdell* v. *State*, 200 *Ga.* 785 (38 S. E. 2d, 589).

*Transferred to the Supreme Court. MacIntyre, P. J., and Gardner, J., concur.*

DECIDED DECEMBER 3, 1948.

*M. G. Hicks*, for plaintiff in error.

*E. J. Clower, Solicitor-General*, contra.