S96A0924. TANKERSLEY v. STEPP et al.
(471 SE2d 882)

CARLEY, Justice.

Marie Stepp and Marjorie Tankersley are sisters-in-law. In her capacity as administratrix of her husband's estate, Mrs. Stepp filed suit to contest Mrs. Tankersley's title to certain real property. When called by Mrs. Stepp as the first witness at the jury trial, Mrs. Tankersley evidenced an inability to respond to the questions posed to her on cross-examination. During a recess, her counsel and the trial court spoke to her physician by phone. Although Mrs. Tankersley's counsel made an alternative motion for continuance or mistrial, the trial court denied that motion after asking her a number of questions. Accordingly, the trial proceeded and eventually resulted in a verdict and judgment in favor of Mrs. Stepp. Some weeks later, Mrs. Tankersley was diagnosed as having a brain tumor and she underwent surgery. She appeals from the judgment entered on the jury's verdict and from the denial of her motion for new trial.

1. The trial court's denial of the alternative motion for continuance or mistrial is enumerated as error, the contention being that, because of the effects of the then-unknown tumor, Mrs. Tankersley was unable to defend herself.

In denying the alternative motion, the trial court concluded that Mrs. Tankersley was not laboring under any mental disability, but, rather, that she was being untruthful. This conclusion was based upon the trial court's observations and its finding that Tankersley was giving selective responses. There is no contention that the trial court's conclusion was unauthorized based upon the evidence that was then before it. Therefore, the trial court did not abuse its discretion in denying a continuance or mistrial, even though hindsight may have revealed that Mrs. Tankersley did have a serious illness during trial. *Fletcher v. Collins,* 111 Ga. 253, 254 (7) (36 SE 646) (1900).

2. Mrs. Tankersley also enumerates as error the denial of her motion for new trial, and asserts that the post-trial diagnosis of her brain tumor constituted newly discovered evidence.

At the hearing on the motion for new trial, there was some medical testimony that Mrs. Tankersley's brain tumor probably did not impair her memory. Describing Mrs. Tankersley's trial testimony as "selective amnesia," the trial court adhered to its original conclusion that she was not being truthful. Under these circumstances, this Court cannot control the trial court's discretion in denying the motion for new trial. *Leathers v. Kerce,* 147 Ga. 443 (2) (94 SE 543) (1917).

3. Mrs. Stepp's motion to impose a penalty for frivolous appeal, pursuant to Supreme Court Rule 8, is denied.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 1, 1996.

*Roger E. Bradley, Joyner, Quinn & Oliver, Mary Margaret Oliver,* for appellant.

*Darel C. Mitchell,* for appellees.