## CELIA E. LEIGHTON *vs*. ALVIN F. DEAN.

## Cumberland.    Opinion December 21, 1917.

*Negligence.    Duty of property owner to invitee upon his premises.    Rule where the accident itself affords reasonable evidence of negligence.*

The defendant was the proprietor of a retail boot and shoe store on Monument Square, in Portland, near the transfer station of the street railways.    Between the front of the store and the legal limits of the highway was a strip of land three feet wide, paved and surfaced as was the sidewalk on which it abutted, with no visible mark on the surface to indicate to the public that the strip was not a part of and included within the legal limits of the public street.    While the plaintiff and a lady friend were waiting for a car they stepped to the defendant's window to inspect his display of goods and were standing on the three foot strip when the awning which the defendant erected and maintained on the front of his store fell and injured the plaintiff.    Neither the plaintiff nor her companion had any intention of entering the store or making purchases of the defendant. This action was brought for injuries which the plaintiff claims to have received. The case was reported to the Law Court to determine the question of liability the damages having been fixed by the jury at $500.

*Held:*

1.    Window displays by retail dealers are among the most common and effective methods of advertising, challenging the attention of the public and inviting and inducing closer inspection.    The plaintiff was therefore upon the three foot strip as an implied invitee of the defendant, and he owed to her the duty to see that such premises were in a reasonably safe condition.

2.    Where private property abutting on a public way is so surfaced and finished that intelligent and prudent persons would understand they were invited to use the property as a public way, the public are justified in accepting such invitation, and the owner of such private property is bound to take such precaution from time to time as ordinary care and prudence would suggest to be necessary for the safety of those who may have occasion to use said premises for the purposes to which it was apparently appropriated.

3.    Lingering upon premises so appropriated while waiting for a car, the plaintiff did not become a trespasser upon the defendant's property or otherwise exceed the bounds of said invitation.

4.    The evidence discloses that the awning was under the management of the defendant and that the accident was such as in the ordinary course of affairs would not have happened but for the want of due care on the part of the defendant, and affords reasonable proof, in spite of the explanation of the defendant, that it was the result of lack of proper care on the defendant's part.

Action on the case to recover damages for personal injuries sustained through the falling of an awning from a building occupied by defendant. Defendant filed plea of general issue. Verdict for plaintiff in sum of $500.00. By agreement of counsel case was reported to Law Court upon certain agreed stipulations. Judgment in accordance with opinion.

Case stated in opinion.

*William C. Eaton, and Coombs & Gould,* for plaintiff.

*Joseph B. Reed,* for defendant.

SITTING: CORNISH, C. J., SPEAR, KING, BIRD, HANSON, MADIGAN, JJ.

MADIGAN, J. An action for personal injuries resulting from the falling of an awning in front of store occupied by defendant under a lease. By agreement the case was reported to the Law Court to determine the question of liability, the damages having been fixed by the jury at $500.00.

The defendant was the proprietor of a retail boot and shoe store on Monument Square, in Portland, near the transfer station of the street railways. Between the front of the store and the legal limits of the highway was a strip of land three feet wide, paved and surfaced as was the sidewalk on which it abutted, with no visible mark on the surface to indicate to the public that the strip was not a part of and included within the legal limits of the public street. While the plaintiff and a lady friend were waiting for a car they stepped to the defendant's window to inspect his display of goods and were standing on the three foot strip when the awning fell. Neither the plaintiff, nor her companion had any intention of entering the store or making purchases of the defendant.

The defendant contends that the plaintiff was at most a mere passive licensee to whom he owed no duty except not to do wanton injury. *McLean* v. *Caribou National Bank,* 100 Maine, 437. With this we cannot agree. The window displays by abutting retail salesmen are among the most common and effective methods of advertising. They challenge the attention of the public and invite and induce closer inspection of the dealer's wares. It is not expected that all who stop to gaze should become immediate purchasers but all are invited that some may be persuaded. We hold therefore that the

plaintiff was upon the three foot strip as a licensee by the express or implied invitation and allurement of the defendant, and that he consequently owed to her the duty to see that his premises were in a reasonably safe condition. *Moore* v. *Stetson*, 96 Maine, 203. *Patten* v. *Bartlett*, 111 Maine, 409. *Bennett* v. *R. R. Co.*, 102 U. S., 577. The strip being so surfaced and finished that to all intents and purposes it was a part of the street intended for foot passengers extended to the public an implied invitation to use it as such. *Holmes* v. *Drew*, 151 Mass., 578. *Sweeney* v. *Old Colony R. R.*, 10 Allen, 368.

In *Holmes* v. *Drew* the plaintiff was injured by defect in what she believed was a part of the sidewalk but which was in fact private land of the defendant abutting thereon. The court says the jury might have inferred from the facts stated that the defendant laid out and paved the sidewalk on her own land in order that it should be used by the public as a sidewalk or street and allowed it to remain, apparently a part of the street that was intended to be used by foot passengers. "This would amount to an invitation to the public to enter upon and use as a public sidewalk the land so prepared and the plaintiff so used it whenever going upon the defendant's land by her implied invitation, and she would owe to him the duty not to expose him to a dangerous condition of the walk which reasonable care on her part would have prevented. The ground of the defendant's liability is not her obligation to keep the way in repair but her obligation is to use due care that her land should be reasonably safe for the use which she invited the plaintiff to make of it."

In *Sweeney* v. *Old Colony Rwy.*, the plaintiff was using for his own purpose a private crossing over the tracks of the defendant. The defendant's flagman indicated to the plaintiff that the way was open to passage and he was injured when responding to such notice. The court held that though he was not upon the defendant's property for the purpose of transacting business with it but solely for his own purposes, he was nevertheless an invited licensee and therefore the defendant was liable.

The test is whether an intelligent and prudent person would understand there was an invitation to use private land as a public way. *Chenery* v. *Fitchburg R. R. Co.*, 160 Mass., 214.

*Binks* v. *South Yorkshire Rwy.*, 32 Law Journal N. S., Q. B. 26.

There might be a case where permission to use land as a path may amount to such an inducement as to lead the persons using it to suppose it a highway and thus induced them to use it as such.

It makes no difference that no pecuniary profit or other benefit was received or expected. The fact that the plaintiff came by invitation is enough to impose upon the defendant the duty which lies at the foundation of the liability, and that the defendant in giving the invitation was actuated only by motives of friendship or Christian charity. *Davis* v. *Central Cong. Society*, 129 Mass., 367.

"Where the public were invited to use the premises for the purpose to which it had been appropriated by the defendant, it was, the defendant's duty to take such precaution, from time to time, as ordinary care and prudence would suggest to be necessary for the safety of those who had occasion to use the premises for the purpose to which they had been appropriated by the company, and for which, with its knowledge and permission, it was commonly used by the public." *Bennett* v. *R. R. Co.*, 102 U. S. at 585.

In the case at bar the plaintiff was upon the strip as an invited licensee of the defendant, although neither she nor her companion had any intention of entering the defendant's store or transacting business with him.

Neither can it be said that she forfeited her rights as such licensee by lingering on said strip while waiting for a car. The easement of the public on highways is not restricted to such narrow limitation. One does not become a trespasser or forfeit rights in the street as a traveler by stopping to converse with a friend while waiting for a car or any other harmless purpose. The mere fact that waiting accommodation was provided by the street railway for the convenience of its patrons would not deprive of their rights the large number of patrons who prefer the fresh air on the sidewalk.

The defendant claims the awning fell as the result of a violent gust of wind against which he could not be expected to provide, and that the awning was substantial and carefully inspected. At no time during the day did the velocity of the wind, as shown by the official record, exceed twenty-six miles an hour, and it goes without saying that an awning which would fall under such a strain was most dangerous to the public. The supports or frame work were attached to the building by lag-screws driven into soft pine plugs which in turn were

driven into the masonry. The pine plugs expanding and contracting, according to the weather, must loosen, and require careful inspection. The only examination apparently made of the awning was that of the clerk in raising and lowering it. The very circumstances of this accident seem to establish the plaintiff's claim that the awning was insecure and that the defendant failed to use proper care to make it reasonably safe.

"When the thing which has caused the injury is shown to be under the management of the party charged with negligence, and the action is such as in the ordinary course of affairs does not happen if those who have the management use proper care, the accident itself affords reasonable evidence, in the absence of an explanation by the party charged, that it was caused by lack of proper care by the party charged with negligence." *Chicago Union Traction Co.* v. *Albert Guse*, 229 Ill., 260.

*Judgment for plaintiff for $500*
*as found by jury.*