### 20099. WILLIAMSON *v.* SOUTHERN RAILWAY COMPANY.

JENKINS, P. J. While it is a well-recognized rule in this State that "a railroad company is not required to fence in or place guards along its road where there may be cuts or embankments, notwithstanding a public road may run parallel to such railroad" (*King* v. *Central of Ga. Ry. Co.*, 107 *Ga.* 754, 758, 33 S. E. 839; *Autry* v. *Southern Ry. Co.*, 32 *Ga. App.* 8, 123 S. E. 752), and while it has been recently held by this court that "the owner of land traversed by a public highway is under no duty to a traveler along the highway to maintain in a safe condition for travel the abutting premises at a point such a distance from the highway that it can not be reached by the ordinary deviations from the highway incident to careful traveling thereon, but can only be reached by a traveler who has, negligently and in a manner oblivious of his own safety, completely abandoned the highway and gone over onto the abutting premises" (*Poole* v *Southern Ry. Co.*, 34 *Ga. App.* 290 (3), 129 S. E. 297), still, under the facts set forth by the petition in the instant case, neither the rule first mentioned nor the ruling

made in the *Poole* case would be applicable where the railroad company had constructed a paved roadway or driveway leading from the end of the public street up to its track, and the physical surroundings and circumstances were such that a jury would be authorized to find that a stranger passing along the street on a rainy night might, while in the exercise of ordinary care, believe that such privately owned roadway or driveway was but a continuation of the public street, and thus be reasonably misled into driving thereupon in an effort to cross the railroad. In such a case, where the paved private driveway was alleged to have inclined upward from the end of the public street in such manner as would tend to throw the headlights of an automobile upward so as not to disclose the abrupt ending of the paved driveway at the railroad cut of the defendant company, and where it was alleged that the situation was further obscured by the existence of a street-light out in front of and some distance beyond the terminus of the private driveway, it was for the jury to say whether the defendant was negligent in not providing some precautionary measures to prevent a stranger, thus misled into driving into the private driveway, from falling into the unprotected and unlighted cut at its terminus. Under the facts and circumstances set forth in the petition, such as might rasonably have misled the plaintiff into a belief that the private paved driveway was but a continuation of the public street, there was what amounted to an implied invitation on the part of the defendant to enter upon its premises; and such being the case, it was incumbent upon the defendant to use reasonable and ordinary care in keeping the premises and approaches safe. Civil Code (1910), § 4420. Accordingly, the court erred in holding as a matter of law that the plaintiff could not recover, and in dismissing her petition on general demurrer.

*Judgment reversed. Stephens and Bell, JJ., concur.*

Decided August 28, 1930. Rehearing denied October 1, 1930.

*Porter & Mebane, Mitchell & Mitchell,* for plaintiff.
*Maddox, Sapp & Maddox,* for defendant.