JEANETTE ROBITAILLE

DONALD ROBITAILLE

*vs.*

MAINE CENTRAL RAILROAD CO.

(TWO CASES)

Kennebec.   Opinion, February 6, 1952

*Jerome G. Daviau,* for plaintiffs.

*Perkins, Weeks & Hutchins,* for defendant.

SITTING: THAXTER, FELLOWS, MERRILL, NULTY, WILLIAM-SON, JJ.   (MURCHIE, C. J. did not sit.)

WILLIAMSON, J.   These tort actions are before us on exceptions to the direction of verdicts for the defendant.

At about 11 o'clock on the night of October 8, 1949 the plaintiff, Mrs. Robitaille, with two companions, was driving her husband's automobile southeasterly along Chaplin Street in Waterville on her way to the Hotel James, located on the west side of the street.   At a point near the Hotel she turned right from the street and took a short cut across land of the railroad to the parking area in the rear of the Hotel, skirting the east end of a freight loading platform.

Fifteen minutes later, on leaving the Hotel, Mrs. Robitaille, in attempting to return to Chaplin Street, drove at least forty feet to the adjoining land of the railroad and then in a general northerly direction forty-six feet up a ramp and over the edge of the freight loading platform onto the track four feet below. There were no signs, barriers or lights to indicate the ramp, platform or track.

Mrs. Robitaille sues for personal injuries and her husband, who was not in the car at the time of the accident, for damage to his car. Mrs. Robitaille alleges (1) that she was an implied invitee, (2) negligence on the part of the defendant and (3) her own due care. Her husband makes like claims, except that he says negligence on the part of his wife would not bar recovery in his action.

The first question, and as we shall see the decisive question, is whether the evidence would have warranted a finding by the jury that Mrs. Robitaille was induced, and thus impliedly invited, by the railroad to enter its premises. In considering the exceptions we will take the evidence and inferences therefrom in the light most favorable to the excepting party. Among the cases in which the rule recently has been stated and applied are: *Bolduc* v. *Therrien,* 147 Me. 39, 83 A. (2nd) 126; *Hultzen* v. *Witham,* 146 Me. 118, 78 A. (2nd) 342; *Bernstein* v. *Carmichael,* 146 Me. 446, 82 A. (2nd) 786; *Cantillon* v. *Walker,* 146 Me. 160, 78 A (2nd) 782.

The duty owed by the railroad to Mrs. Robitaille was determined by her status. Unless there was a violation of a duty owed to her there could be no recovery.

To the trespasser or licensee the duty was to refrain from wanton, wilful or reckless acts of negligence. To the implied invitee the duty was to make the premises reasonably safe or to give suitable warning of dangerous conditions or, in brief, to use due care. *Dixon* v. *Swift,* 98 Me. 207, 56 A.

761; *Parker* v. *Portland Publishing Co.*, 69 Me. 173, 31 A. R. 262; *Campbell* v. *Portland Sugar Co.*, 62 Me. 552, 16 A. R. 503; *Stanwood* v. *Clancey*, 106 Me. 72, 75 A. 293, 26 L. R. A. NS 1213; *Kidder* v. *Sadler*, 117 Me. 194, 103 A. 159; *Foley, Malloy* v. *Farnham Co.*, 135 Me. 29, 188 A. 708; *Collins* v. *Maine Central Railroad Co.*, 136 Me. 149, 4 A. (2nd) 100; *Willey* v. *Maine Central Railroad Co.*, 137 Me. 223, 18 A. (2nd) 316; *Sweeny* v. *Old Colony and Newport Railroad Co.*, 92 Mass. (10 Allen) 368; 38 Am. Jur. 754, 758, 765, 771; 65 C. J. S. 438, 491, 521.

It is apparent, and indeed there is no contention otherwise, that the railroad violated no duty to a trespasser or licensee simply in maintaining a track and raised platform on its own premises. Unless, therefore, a jury could have found that Mrs. Robitaille was an invitee, it will be unnecessary to consider the other allegations by the plaintiffs.

There is no claim that Mrs. Robitaille was expressly invited by the railroad or was impliedly invited for the mutual benefit of the railroad and herself. Mrs. Robitaille was a patron of the hotel. She had no business with the railroad.

Plaintiffs' argument comes to this: Mrs. Robitaille was induced to enter the premises of the railroad in the belief that she was present where, as a member of the public, she had a right to be.

The principle is stated in *Plummer* v. *Dill*, 156 Mass. 426, 31 N. E. 128, 32 A. S. R. 463 as follows:

"There is a class of cases, to which Sweeny v. Railroad Co. (supra), and Holmes v. Drew, 151 Mass. 578, 25 N.E. Rep. 22, belong, which stand on a ground peculiar to themselves. They are where the defendant, by his conduct, has induced the public to use a way in the belief that it is a street or public way which all have a right to use, and where they suppose they will be safe. The inducement or implied invitation in these cases is not to come to a place of business fitted up by the

> defendant for traffic to which those only are invited who will come to do business with the occupant, nor is it to come by permission or favor or license; but it is to come as one of the public, and enjoy a public right, in the enjoyment of which one may expect to be protected. The liability of such a case should be coextensive with the inducement or implied invitation."

For the *Sweeny* case, we may substitute *Collins* v. *M. C. R. R. Co., supra,* and for the *Holmes* case, *Leighton* v. *Dean,* 117 Me. 40, 102 A. 565, L. R. A. 1918B 922.

There was evidence that for many years the public had passed between Chaplin Street on the east and Main Street on the west, by which the railroad land was bounded, (1) over the premises of the railroad and in particular over the ramp and platform, and (2) over the premises south of the railroad land and in particular along the north line of the hotel and other lots in the area with which we are concerned.

It will serve no useful purpose to consider the evidence on this point in detail. Fairly considered, it discloses no more than a use without objection. A finding that the use was of right, and not by license or permission of the owners or occupiers of the land, would have no reasonable basis in the evidence.

A jury could also have found the surface of the premises west of Chaplin Street, including the ramp, platform, and the parking area, was substantially like that of a graveled highway. The inference was not, however, permissible therefrom that the railroad induced or allured the driver of the car upon its land.

Mrs. Robitaille, in substance, testified that at no time did she observe the track, platform, or ramp, or indeed know of their existence. For a short distance at least she traveled from Chaplin Street upon the way designed by the railroad

for use of business visitors in reaching the ramp and platform. From the photographs it is apparent that this way formed no part of Chaplin Street. Mrs. Robitaille knew, or must be charged with knowledge, that on turning from Chaplin Street to approach the parking area in the rear of the hotel she was leaving the public street.

There was nothing from that moment until the accident to lead her to believe that she was again upon a public street or way. At best, in explanation of her accident, Mrs. Robitaille could have believed she was upon the hotel parking lot when she drove over the edge of the platform.

> "The test is whether an intelligent and prudent person would understand there was an invitation to use private land as a public way." *Leighton* v. *Dean,* supra.

The rule of inducement or allurement was well stated in *Beckwith* v. *Somerset Theatres, Inc.,* 139 Me. 65 at 69, 27 A. (2nd) 596 at 598 in these words:

> "If a person so surfaces and maintains his land abutting on a public highway as to indicate to the traveling public that such land is included in and is a part of such highway, with no sufficient warning to the contrary, he impliedly invites or allures travelers lawfully on the highway to drive over that land as if it were a part of such highway, provided such travelers did not know that the land was private property. In such circumstances, the travelers would not be trespassers on the land, but invitees, to whom the land owner owes the duty of keeping it in a reasonably safe condition for such travel."

The present cases do not fall within the principle governing the *Beckwith* case. Mrs. Robitaille entered the railroad land not from an abutting highway but from an abutting parking lot. She cannot successfully urge that she thought, or had reason to think, that she was entering Chaplin Street

or any other public way when she drove upon the railroad's land.

The railroad did not create the appearance of a public way. This is not the case of a street railroad crossing as in *Collins* v. *M. C. R. R. Co., supra,* or the continuation of a public street as in *Williamson* v. *Southern Ry. Co.,* 42 Ga. App. 9, 155 S. E. 113, a case cited in plaintiffs' brief.

In Restatement on Torts, Negligence, Sec. 367, we find the rule in these words:

> "A possessor of land who so maintains a part thereof that he knows or should know that others will reasonably believe it to be a public highway, is subject to liability for bodily harm caused to them while using such part as a highway, by his failure to exercise reasonable care to maintain it in a reasonably safe condition for travel."

See also annotations 14 A. L. R. 1397, 159 A. L. R. 136 at 142, 174 A. L. R. 471 and 476.

The jury could not have found Mrs. Robitaille was an invitee on the railroad's premises. It follows that she was a trespasser or licensee and that the railroad violated no duty owed to her or her husband. There is no necessity, therefore, for considering the other issues presented by the plaintiffs.

The entry in each case will be

*Exceptions overruled.*