40630. SOUTHERN RAILWAY COMPANY v. LOMAX.

DECIDED MARCH 18, 1964—REHEARING DENIED APRIL 2, 1964.

*Emory F. Robinson, Wheeler, Robinson & Thompson, B. Carl Buice,* for plaintiff in error.

*Oliver, Oliver & Gunter, Jack N. Gunter,* contra.

HALL, Judge. 1. The amended petition alleged: Where Fourth Street in Mount Airy, Georgia, intersects the railroad tracks, the defendant was in exclusive possession and control of a right of way of approximately 200 feet. The place had for 20 years been a public crossing. One evening at about 11 p. m. the plaintiff was driving his automobile ·in a lawful manner and maintaining a careful lookout for his own safety. Suddenly and without warning, while following the course of Fourth Street at said intersection, the automobile plunged over a vertical precipice and fell approximately 50 feet, and .the plaintiff was injured. The cause of this occurrence and the plaintiff's injuries was the defendant's negligence in that (a) prior to the accident, at a time unknown to the plaintiff, the defendant illegally and without proper authority removed a bridge where Fourth Street passed over the railroad tracks, leaving a gaping canyon in the street; (b) at the time of the accident the defendant did not have the canyon barricaded nor any sign erected to warn travelers of the danger. This place had been without a barricade or sign for at least four months before the accident.

The petition states a cause of action for negligence in not maintaining a barricade at the site of the alleged canyon. *Hutson v. King,* 95 Ga. 271, 273 (22 SE 615); *Nashville, C. &c. R. Co. .v. Cook,* 177 Ga. 196, 198 (170 SE 28); · *Cox v. Greenfield,* 50 Ga. App. 699 (179 SE 178); *Williamson v. Southern R. Co.,* 42 Ga. App. 9 (155 SE 113).

The defendant relies on the case ·of *King v. Central of Ga. R. Co.,* 107 Ga. 754 .(33 SE 839), which held that the defendant railroad could not be· held liable for negligence in failing to place a guardrail or light at the place whére the plaintiff fell into a railroad cut from the public street ·adjacent to and *parallel with* the cut. In *Cook,* supra, the Supreme Court held that .the *King* case was materially different from it in that· the petition in the ·*Cook* case alleged a street that was not parallel with the railway, but almost *perpendicular to the railway's right of way and track, and there terminated abruptly.* The trial court sustained a· general demurrer on the ground that the facts alleged in the petition

did not constitute negligence and did not show that the defendant owed to the plaintiff any duty with respect to the plaintiff's allegations that the defendant was negligent in creating a ditch or excavation on its right of way and not erecting and maintaining barriers where the street terminated; but the Supreme Court in that case affirmed the Court of Appeals in reversing the judgment of the trial court.

As in the 'Cook case, the allegations of the present petition withstand the defendant's motion to dismiss.

2. The evidence showed that Fourth Street in the City of Mount Airy was paved and had formerly crossed over the bridge and tracks; the railroad had removed the bridge and placed a barricade across the street; this barricade had been absent for four months; the street still led to the tracks where, instead of the bridge, there was a deep drop-off to the tracks; there was no barricade or sign warning of this condition. The evidence whether the plaintiff, following the street with due care, could and should have seen the drop-off and avoided injury was disputed.

A railroad official testified that the defendant had no notice that the barricade was down until after the accident; that their daily trains report defects on the tracks and they have division engineers and assistant division engineers who sometimes check these matters; that the railroad has a bridge and building department that takes care of bridges; that he did not know of the railroad having "anybody that is in charge with respect to going out and making sure that things are in order" when a defect occurs at a crossing or at a bridge; "normally the municipalities of Georgia are very cooperative about it and we hear about it when things go wrong." He also testified, "You would have to have a periscope to see [this particular barricade] from the rails. It is 50 feet above the level of the railroad."

The defendant contends that, since the evidence showed that following the removal of the bridge a barricade was erected on the side of the tracks from which the plaintiff approached, and did not show that the defendant had notice that the barricade was absent at the time of the accident, the plaintiff failed to prove that the defendant was negligent in failing to maintain the barricade.

The facts proved were sufficient to show a duty upon the defendant, arising out of a dangerous condition on its right of way, to exercise ordinary care to protect persons following Fourth Street from encountering the hazard or to warn them of its presence; and that reasonable protection might require a barricade or warning as contended by the plaintiff. The issue whether the railroad's removal of the bridge formerly over the tracks at Fourth Street was with authority or without authority would not affect such a duty, since the evidence was sufficient to show that by the removal of the bridge a danger was created.

The evidence showed that a barricade had been erected following the removal of the bridge, and it was not proved that the defendant had actual knowledge that this barricade was absent. The evidence presented the question whether it was within the defendant's duty to exercise ordinary care to protect persons following Fourth Street from a hazard on its right of way, to inspect or take some positive action within the period of four months before this accident to discover whether the protective measures it had taken were in effect and adequate, and to restore them if necessary. In our opinion reasonable men might at least differ on this question. Therefore, the issue whether the railroad failed to exercise ordinary care in not maintaining a barricade or warning was one resolvable by the jury.

"The public had a right to travel in automobiles along this paved street. . . . It may be that both the city . . . and the railway company were guilty of a tort in maintaining and continuing the situation described . . . but that would not prevent a suit against the railway company alone." *Nashville, C. &c. R. Co. v. Cook*, 177 Ga. 196, 199, supra. The evidence in the present case supported a recovery against the defendant railroad. The trial court did not err in overruling the general ground of the defendant's motion for new trial and the motion for judgment notwithstanding the verdict.

3. In special ground 4 of its motion for new trial the defendant contends that the trial court erred in failing to charge the jury the law applicable to its pleaded defense that any injuries received by the plaintiff were caused by his driving while drunk on intoxicating liquors and beer to the extent that his ability to drive properly and safely was diminished. Evidence was intro-

duced on the issue of the plaintiff's drunkenness. The trial court must give to the jury the law covering the substantial issues made by the pleadings and the evidence. "It is error for the court to fail to charge the jury the law applicable to a defense pleaded in the answer and supported by the evidence." *Awbrey v. Johnson*, 45 Ga. App. 663, 664 (165 SE 846); *Pryor v. Coggin*, 17 Ga. 444; *Jackson v. Matlock*, 87 Ga. App. 593, 594 (74 SE2d 667). The trial court erred in overruling special ground 4.

4. Special ground 5 complains of the admission into evidence of letters exchanged between the City of Mount Airy and the Southern Railway Company over the defendant's objection that they illustrated no issue presented by the pleadings. The subject matter of the letters was a Southern Railway bridge over the tracks on Fourth Street. This had some relevance to the issue raised in the pleadings whether there was or had been a public crossing at this place. Therefore, the trial court did not err in admitting the evidence over the objection made at the trial, and did not err in overruling this special ground of the motion for new trial.

We need not decide whether the remaining special grounds showed error or harm to the defendant, as the errors alleged in them need not and are not likely to occur on another trial, or are dealt with in our discussion of the other assignments of error.

*Judgment reversed for the reason stated in Division 3 of the opinion. Nichols, P. J., and Russell, J., concur.*