## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Margaret C. McCue

v.

City of Alexandria et al.

February 8, 1982

Case No. (Law) 6856

By JUDGE ALBERT H. GRENADIER

This is a suit for damages against the City of Alexandria, the Southern Railway Company and Lynn I. McCue. The plaintiff alleges that she was a passenger in an automobile being operated by the defendant Lynn McCue in a southerly direction in the 400 block of South Payne Street in the City of Alexandria, Virginia, and that she was injured when the auto collided with the railroad tracks located on the property of the defendant Southern Railway Company at the terminus of South Payne Street. She claims her injuries were the direct and proximate result of the combined negligence of the defendants.

In response to interrogatories propounded by the Southern Railway Company the plaintiff stated that the Southern Railway Company was negligent and violated its duties to her by failing "to erect a barrier or warning device at the point where South Payne Street meets the railroad tracks owned by Southern Railway." The defendant Southern Railway Company filed a motion for summary judgment, claiming that the allegations of the motion for judgment and the answers to the interrogatories are insufficient to support a cause of action against it as a matter of law.

It is clear that the plaintiff was either a trespasser or a bare licensee when she came upon the land of the Southern Railway Company. It is well settled in Virginia that as a trespasser or licensee she takes the situation as she finds it. An owner of private property has no duty to use ordinary care in the maintenance of his property or in the conduct and operation of his business thereon so as to prevent injury to trespassers or bare licensees who come upon the property. The landowner owes only the duty to abstain from inflicting intentional injury upon them. So long as he does them no intentional injury, he is not liable for anything that may befall them. The landowner does not owe a trespasser the duty of prevision or preparation for his discovery. See 13B M.J. 240, et seq., *Negligence*, § § 16, 17, and cases cited therein. These general rules apply also to railroads. *Norfolk Southern Ry. v. Fincham*, 213 Va. 122 (1972).

The cases of *Louisville & N. R. Company v. Anderson*, 39 F.2d 403 (5th Cir. 1930), *Williamson v. Southern Ry. Co.*, 155 S.E. 113 (Ga. 1930), and *Southern v. Cowan Stone Co.*, 221 S.W.2d 809 (Tenn. 1949), which are cited by the plaintiff, seem to hold that there is an exception to the above general rule. However, liability on the part of an owner whose land abuts that of a public highway may only be predicated upon the fact that his premises are so connected with the highway as to indicate that they constitute a continuation or extension of the way or as to constitute an implied invitation to go upon such premises. The underlying theory expressed in those cases is that liability arises because the character of the property is misrepresented and the third party is misled into using it.

It should be pointed out that the facts in those cases are clearly distinguishable from those in the instant case. In *Southern* the road on the private property was customarily used by the public as a public road without objection by the owner. In *Louisville* there was an unguarded excavation adjoining the way. The court held that the owner created a deceptive appearance which misled the plaintiff. In *Williamson* the railroad constructed the road and for more than twenty years had knowingly allowed the general public to use it. None of these operative facts apply in the subject case.

In this case the plaintiff does not allege facts giving rise to the application of this theory of liability. She merely alleges that the railroad failed to erect a barrier or warning device at the point where South Payne Street meets the railroad tracks owned by the railroad. In the absence of a statute or ordinance which requires the railroad to erect such a barrier or warning device at the point where the property abuts a public way, it is the opinion of the Court that the railroad had no duty to erect such devices and that its failure to do so in this instance does not constitute negligence.

Accordingly, the Court will grant summary judgment in favor of the defendant Southern Railway Company.