### 10560.   Patterson *v.* The State.

Luke, J.   1. A substance made of corn meal and molasses, designed for the purpose of, and to be used for, distilling whisky, and commonly called "still beer," or simply "beer," which is alcoholic and will produce intoxication if drunk to excess, and which is in such a physical

state that it can be and actually is drunk as a beverage (and where similar substances have been drunk), is a beverage in the sense in which the latter term is used in the act approved March 28, 1917, making it an offense against the criminal laws of this State for any person to "distill, manufacture or make any alcoholic, spirituous, vinous, malted or mixed liquors or beverages, any part of which is alcoholic." Pamph. Act, Ex. Sess. 1917, sec. 23, p. 18. Evidence, therefore, that the defendant made a substance or liquid as above described (though not an ordinary "beverage") is sufficient to authorize his conviction of the offense of making alcoholic liquors in violation of that act, under an indictment generally charging a violation of all the offenses prohibited by the act.

2. Evidence that the defendant had escaped from jail, where he had been confined awaiting trial on the charge for which he was being tried, is sufficient to authorize the judge to charge the jury the rule of law governing the weight to be given evidence of flight on the part of the defendant as tending to establish his guilt.

3. The charge of the court is not subject to the objection that it contained any expression or intimation of opinion as to what had been proved, or that it did not fairly submit to the jury the contention of the defendant.

4. The court fully and properly instructed the jury upon the subject of reasonable doubt, and the instruction thereon set out in the motion for a new trial was not error for the reason assigned.

5. The grounds of the motion for a new trial not argued in the brief of counsel for the plaintiff in error are treated as abandoned.

6. None of the excerpts from the charge of the court complained of required a new trial.

*Judgment affirmed.  Broyles, C. J., and Bloodworth, J., concur.*
                    DECIDED OCTOBER 9, 1919.

Indictment for manufacture of intoxicating liquor; from Gwinnett superior court—Judge Cobb. February 13, 1919.

*M. D. Irwin, T. J. Shackelford,* for plaintiff in error.

*W. O. Dean, solicitor-general,* contra.