## 12158.  JONES *v.* THE STATE.

1. Venue could be sufficiently shown by evidence that the liquor which the defendant was charged with having in his possession was procured " somewhere on the west side of the county " and at his house, not more than three miles from a certain place which was something like six and a half to seven miles from the county line.
2. It was not error to admit testimony that before the alleged date of the defendant's possession of the liquor the witness made " some arrangements of some kind with him  .  . about getting some liquor," and that it seemed that the defendant told the witness that he knew where he could get some.
3. Evidence that the appearance bond of the defendant had been forfeited was admissible as tending to show flight.
4. On the trial of one charged with a violation of the provisions of the statute prohibiting any person to " have, control, or possess " certain liquors, the use of the word " custody," in charging the jury that it was their duty to convict if the defendant was " in possession, custody, or control " of such liquors, was not cause for a new trial.

DECIDED APRIL 13, 1921.

Indictment for misdemeanor; from Whitfield superior court — Judge Tarver. January 15, 1921.

*George G. Glenn,* for plaintiff in error.

*Joseph M. Lang, solicitor-general,* contra.

BLOODWORTH, J. 1. " The venue can be established by circumstantial as well as direct evidence. *Dumas* v. *State,* 62 *Ga.* 59(4). Evidence as to the venue, though slight, is sufficient where there is no conflicting evidence. *Johnson* v. *State,* 62 *Ga.* 300(1), 301; *Porter* v. *State,* 76 *Ga.* 658(2), 660." *Towler* v. *State,* 24 *Ga. App.* 167, (2-3) (100 S. E. 42). Under the above rulings the evi-

dence as to the venue in this case is sufficient. It was shown that the liquor was procured "somewhere on the west side of the county," and at the house of defendant, which was not over three miles from a certain place, and that from that place to the county line it is something like six and a half to seven miles.

2. It was not error for the court to admit, "as a circumstance to be considered by the jury," the following evidence: "I had seen Mr. Jones [the accused] before this time [the date that the accused was charged with possessing liquor] and made some arrangements. of some kind with him (I don't remember just exactly what they were) about getting some liquor; seems that he told me that he knew where he could get some."

3. The evidence that before the trial the accused forfeited his appearance bond was properly admitted. "While not conclusive, an order of the trial court forfeiting the defendant's recognizance. on his failure to appear for trial is some evidence of his flight, and is admissible in evidence as a circumstance to be considered by the jury in determining his guilt of innocence." State v. Kesner, 72 Kan. 88(3). See Davis v. State, 11 Ga. App. 804(3) (76 S. E. 391).

4. The prohibition act of 1917 (Ga. L. Ex. Sess. 1917. p, 8) provides that "it shall be unlawful for any corporation, firm, person or individual to receive from any common carrier, corporation, firm, person or individual, or to have, control, or possess in this State, any of said enumerated liquors or beverages whether intended for personal use or otherwise, save as is hereinafter excepted." Complaint is made that the judge charged the jury: "If you find from the evidence that on any date or about the date mentioned in the bill of indictment, or within two years prior to the date of the return of the bill of indictment, the defendant, in this county, was in the possession, custody, or control of any quantity of intoxicating liquors, it would be your duty to convict; otherwise to acquit." The use of the word "custody," in this charge, is not an error which requires the grant of a new trial. In McDowell v. Irwin, 32 Ga. 39(2), the court said (p. 49): "A party who swears that a paper is neither in his possession nor his control, certainly swears substantially that it is not in his custody. I cannot conceive of custody in the absence of both possession and control." In Ratteree v. Nelson, 10 Ga. 439, the court said: "He is clearly

held to swear that it is not in his possession, when he swears that it is not in his custody or control." From the above it is clear that if the liquor was in the possession or control of the accused, it was in his custody; and therefore the charge could not have been harmful to the defendant.

5. We find no fault with the charge of the court. It covers in a clear and concise manner the issues raised in the case. The evidence amply supports the verdict, which has the approval of the trial judge, and this court, in the absence of any error of law, is powerless to interfere.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*