## JOHNSON *v.* THE STATE.

No. 12897. SEPTEMBER 16, 1939.

*Hugh E. Combs,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, J. Cecil Davis, solicitor-general,* and *Duke Davis, assistant attorney-general,* contra.

BELL, Justice. George and Jesse Johnson, father and son, together with Forest Ivey, were jointly indicted for the murder of James Evans, a boy about eight or nine years of age, stepson of the defendant George Johnson. Convictions of George Johnson and Forest Ivey have been heretofore reviewed by this court. In each of those cases the judgment was reversed for errors in the charge to the jury. *Johnson* v. *State,* 186 *Ga.* 324 (197 S. E. 786); *Ivey* v. *State,* 186 *Ga.* 216 (197 S. E. 322). Later, Jesse Johnson was tried and convicted, and we now have his case for review. The exception is to the refusal of a new trial. The evidence is substantially the same as that adduced in the case of George Johnson, except that some additional evidence was introduced in the trial of Jesse. To avoid repetition, reference is made to the report in that case.

■ In the first special ground of the motion for a new trial the movant complained of a charge to the jury on the subject of flight, contending that there was no evidence to authorize a charge on this subject. This assignment of error is not sustained by the record. The evidence showed that the defendant left the State of Georgia and went to Michigan during the latter part of 1936, about a month after the date of the alleged homicide. No indictment had been returned when he left, and none was returned until the following April; nor had any warrant been issued. He was arrested and returned to Georgia after indictment. He later escaped jail, and returned to Michigan, where he was again arrested. Under this evidence, the charge on flight was not unauthorized. *Smith* v. *State,* 106 *Ga.* 673 (2) (32 S. E. 851, 71 Am. St. R. 286); *Grant* v. *State,* 122 *Ga.* 740 (2), 742 (50 S. E. 946); *Callaway* v. *State,* 151 *Ga.* 342 (2) (106 S. E. 577).

■ The evidence included testimony that the defendant made his escape from jail by getting possession of the sheriff's pistol, which he then "held" on the sheriff until he could leave in the sheriff's automobile. Grounds 4 and 5 complain of the admission of this evidence, because it tended to show separate and distinct

crimes. The evidence was relevant for the purpose of showing flight, and was not to be excluded merely because it incidentally showed the commission of other crimes. Code, § 38-202; *Bines* v. *State,* 118 *Ga.* 320 (2) (45 S. E. 376, 68 L. R. A. 33) ; *Flannigan* v. *State,* 136 *Ga.* 132 (2) (70 S. E. 1107) ; *Wilson* v. *State,* 173 *Ga.* 275 (2) (100 S. E. 319)'.

■ The movant complained of a charge to the jury on the subject of conspiracy, on the asserted grounds that the indictment did not allege a conspiracy, nor was there any evidence of such; and that the charge on conspiracy did not set out with whom the unlawful agreement, if any, was made, or what unlawful act, if any, there was a purpose to commit. In *Johnson* v. *State,* supra, it was held that a similar charge was unsupported, but in that case the evidence to connect George Johnson with a conspiracy was circumstantial only, and was considered by this court insufficient for the purpose. According to one witness, however, the present defendant, by his own words, was party to a conspiracy with his father to have the deceased killed for the purpose of collecting insurance on his life, and the charge in this case was authorized by the evidence. Nor was the charge erroneous, as contended, for the reason that the indictment did not allege conspiracy in express terms. *Dixon* v. *State,* 116 *Ga.* 186 (8) (42 S. E. 357) ; *Whitaker* v. *State,* 159 *Ga.* 787 (5) (127 S. E. 106). Nor was the charge erroneous for other reasons assigned.

■ The movant complains that the court erred in charging the jury on alibi, contending that no such defense was involved. There is no error here. According to the evidence, James Evans came to his death some time between seven and nine o'clock in the morning of November 9, 1936. He was found dead in Long Creek, near Elam road in Warren County. The defendant lived in this section. He stated to the jury that on that day he and Forest Ivey went in an automobile to Crawfordville and Augusta, returning in the afternoon. Forest Ivey testified that in leaving they traveled the Elam road and crossed the Long Creek bridge about daylight. Considering together the evidence and the defendant's statement, we can not say that the charge on alibi was unwarranted. *Taylor* v. *State,* 155 *Ga.* 785 (118 S. E. 675).

■ In ground 6, the movant complained of the admission in evidence of a note and mortgage signed by George Johnson, to-

gether with foreclosure of the mortgage, contending that these documents were irrelevant and immaterial, especially as there was no evidence that Jesse Johnson had any connection with the transactions represented thereby or any knowledge concerning them. It was further objected, that the mortgage foreclosure was inadmissible, because it was not issued until after the alleged homicide. The sheriff testified that in attempting to levy the execution he could find very little of the mortgaged property. In ground 9 it is complained, for similar reasons, that the court erred in admitting in evidence insurance policies on the life of James Evans, together with checks tending to show payment after death of the insured. The policies were payable to Willie Johnson, the boy's mother, and the canceled checks indicated payment to her. Willie Johnson, of course, could not testify in the case of George Johnson, he being her husband. In the present case, however, she was sworn as a witness for the State, and testified that she had no knowledge of the insurance policies, did not indorse the checks, and received none of the proceeds. There was evidence that George Johnson paid at least one of the premiums, and that Jesse Johnson had tried to get another man to kill the deceased, offering to pay him $50, and saying that his father had the boy insured and "wanted him bumped off." In ground 12 it was alleged that the court erred in admitting the following testimony of the sheriff, regarding George Johnson's financial condition: "He stated to me that he was up against it." This testimony was objected to as hearsay, irrelevant, and prejudicial. The evidence to which objection was made, considered with that admitted without objection, was relevant for the purpose of showing motive on the part of George Johnson, and was admissible as against Jesse Johnson, in view of the evidence as to conspiracy between them. Code, § 38-306; *Williams* v. *State,* 177 *Ga.* 391 (2) (170 S. E. 281); *Johnson* v. *State,* supra. The evidence of the sheriff as to George's statement regarding his financial condition, was not objected to on the ground that it did not appear when the statement was made, whether during or after the criminal enterprise. But in any view of this evidence, its admission was not cause for a new trial, all the facts considered.

■ In ground 7 the movant complained because the following statement was made by the judge, in ruling upon the admissibility of evidence, in the presence of the jury: "It appearing from the

evidence that the indebtedness evidenced by the papers introduced in evidence was created before the boy alleged to have been killed was found dead, and had matured at the time of the death of the insured, the papers connected with the foreclosure are admitted as a circumstance for the jury to consider along with all the other evidence bearing upon the question of motive." It is contended that this statement expressed an opinion as to motive and as to the existence of other evidence to show motive. This ground does not show error. *Tanner* v. *State*, 163 *Ga.* 121 (9), 130 (135 S. E. 917); *Parker* v. *Wellons*, 43 *Ga. App.* 721 (3), 727 (160 S. E. 109).

■ In grounds 8, 10, and 11 it is contended that the court erred in failing to instruct the jury as to the purpose for which they might consider the documentary evidence referred to in division 5 of this opinion, and as to the weight and credit they might ascribe to it. There is no merit in this ground. Since the evidence related only to a collateral issue, the judge was not required to instruct the jury thereon, in the absence of a timely and proper request. *Branch* v. *Bishop*, 135 *Ga.* 110 (2) (68 S. E. 1021); *Knapp Manufacturing Co.* v. *Cook*, 171 *Ga.* 330 (2) (155 S. E. 321); *Bishop* v. *Georgia National Bank*, 13 *Ga. App.* 38 (4) (78 S. E. 947).

■ The evidence authorized the verdict; and no error of law having been committed, the court did not err in refusing a new trial. *Judgment affirmed. All the Justices concur.*