### 20904. McKUHEN v. THE STATE.

DUCKWORTH, Chief Justice. The defendant was indicted, tried, and convicted of robbery by the use of an offensive weapon, and his punishment was fixed at not less than 9 nor more than 20 years to be served in the penitentiary. Thereafter he filed a motion for new trial, which was amended by adding four special grounds, which after a hearing was denied. The exception is to that judgment. *Held:*

1. The general grounds having been expressly waived, no ruling will be made thereon.

2. There is no merit in the special ground complaining that the court failed to charge that the intent to steal is an essential element of the crime, since a casual reading of the entire charge shows clearly that the court did charge this element in more than one instance.

3. The charge to the jury on the subject of flight was authorized by the evidence, as it is not necessary that the flight take place immediately. Code § 38-302; *Johnson v. State,* 188 Ga. 771 (1), 772 (4 S. E. 2d 639). The evidence clearly showed that the defendant fled the State after he became a suspect, and no evidence was submitted explaining such flight

to be from another cause. *Sewell v. State,* 76 Ga. 836.

4. The mere fact that the trial judge charged the language of the Code defining robbery, and in doing so charged that it was the taking of property "by sudden snatching," as well as the various other methods of taking thereunder, would not be error since the court proceeded to state that the defendant was charged with the offense of robbery "by the use of an offensive weapon" and by "intimidation," and there is no merit in the special ground complaining that there was no evidence in support of the charge on "Sudden snatching," where the court clearly pointed out the type of robbery with which the accused was charged.

5. The fourth special ground complains of the additional charge, requested by the jury, as to information about parole and the status of the maximum and minimum sentence if fixed by the jury. The judge charged that, under the law, he was prohibited from charging the jury on matters concerning parole, which lie entirely with the Pardon and Parole Board, and that the only function the judge and jury has is to impose sentence, but that how much of that sentence is served rests with the Parole Board, and in the event they fixed a sentence of "not less than so many years, and the defendant is sentenced to that term . . . then it would lie within the proper State authorities to formulate regulations whereby the defendant might be released after serving the minimum term fixed by you and your sentence." The court correctly charged the policy of this State as established by Ga. L. 1955, pp. 191, 192, and followed by this court in *McGruder v. State,* 213 Ga. 259 (7), 267 (98 S. E. 2d 564), but then proceeded to make exactly the same error as the trial judge in the *McGruder* case by intimating that whatever sentence fixed by them might not be served by the accused because of actions of the Parole Board, and then further compounded the error by going on to charge that the accused might be released after serving the minimum sentence fixed by the jury. While it is abundantly clear that the jury had already reached a determination of the guilt of the accused and was trying to fix the sentence, the judge is not authorized to influence them in any manner as to what the Pardon and Parole Board or other State authorities might do in performing their duties under the law. And while the

writer has repeatedly indicated his belief that the jury should know the full meaning of their sentence, the legislature has fixed it otherwise, and we must conform thereto. The charge was erroneous, and this error requires a new trial.

*Judgment reversed. All the Justices concur.*

ARGUED JUNE 13, 1960—DECIDED JULY 7, 1960.

*John J. Sullivan,* for plaintiff in error.

*Andrew J. Ryan, Jr., Solicitor-General, R. E. Barker, Eugene Cook, Attorney-General, Rubye G. Jackson, Assistant Attorney-General,* contra.