## 40065. BERRY v. THE STATE.

FRANKUM, Judge. 1. Where, after the jury had retired to consider their verdict they returned to the courtroom and requested instructions as to the effect of a maximum and minimum sentence, and asked the court if, after serving the minimum term fixed by the sentence and being paroled, a prisoner commits another felony, would he be returned to serve the remainder of the sentence; and where the court told the jury that he could not give them any instructions regarding a parole, but then proceeded to instruct them that the prison authorities have certain rules and regulations which they have formulated and under which they release a prisoner

644

after he has served a minimum sentence provided he complies with certain conditions, and that he is thereafter permitted to serve the difference between the minimum and maximum sentence outside the confines of the prison, the latter portion of the instructions, with regard to the release of a prisoner under rules and regulations of the prison authorities, violated the provisions of the act approved February 15, 1955 (Ga. L. 1955, pp. 191-192), as complained of in special ground 2 of the motion, and requires a new trial. *McKuhen v. State,* 216 Ga. 172 (5) (115 SE2d 330).

2. The portion of the charge complained of in the first special ground of the motion was not harmful or reversible for any reason assigned. Inasmuch as the case is to be tried again, the general grounds of the motion for new trial are not considered or passed upon.

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*

DECIDED APRIL 17, 1963.

*W. George Thomas,* for plaintiff in error.

*William T. Boyd,* Solicitor General, *William E. Spence, Eugene L. Tiller,* contra.