## 23026.   FULFORD v. THE STATE.

QUILLIAN, Justice.   John C. Fulford was indicted by the Fulton County grand jury for robbery by use of an offensive weapon. He was tried and convicted of that offense.   He moved for a new trial on the usual general grounds and by amendment added two special grounds.   The trial judge overruled the motion for new trial, to which judgment the defendant excepts and assigns error.   *Held:*

1. The defendant contends that there was insufficient evidence to identify him as the perpetrator of the crime and hence the case should be reversed on the general grounds of his motion for new trial.   We find no merit in this contention.

The evidence relative to this issue adduced on the trial was as follows.   One witness for the State, while conceding she was "in kind of a daze" when the robbery occurred, positively identified the defendant as being the man with the gun in his hand standing at the store counter at the time and locale of the robbery; that he was wearing a grey overcoat with a tear in the right sleeve and had on a hat.   She did not actually see him take any money from the store.   Another witness, the manager of the store, testified the robber was armed with a gun, that he had on a raincoat with a torn right sleeve and was wearing a hat; that he took money belonging to the store at gunpoint; that the defendant was the man he "was talking about," although he admitted on cross examination that the robber was wearing large sunglasses "so you couldn't really identify him."   Still another witness, an employee of the store, related details of the robbery and stated that the defendant fitted the general description of the robber, although she declined to "positively" identify the defendant as the culprit who committed the robbery.

The question of the credibility of a witness in making an identification is for the jury.   *Strickland v. Mayor &c. of Athens,* 111 Ga. App. 280 (141 SE2d 594), citing *Reville v. State,* 210 Ga. 139 (78 SE2d 12).   Here there was sufficient competent evidence to sustain the verdict.   *McKibben v. State,* 187 Ga. 651 (1) (2 SE2d 101).

2. Ground 2 of the amended motion for new trial complains of the admission of evidence concerning the defendant's having fled in an automobile when approached by the police about 30 days after the alleged commission of the crime

charged in the indictment. The defendant objected to the evidence on the grounds that if the defendant fled it was not from a consciousness of guilt in this case; that the officers were endeavoring to arrest him in connection with a separate and distinct offense. The evidence showed the warrant the officers sought to serve on the defendant was for another cause and not for the particular offense charged in the instant indictment.

The fact the warrant was for another offense might be relevant, but still is not such a conclusive circumstance as to eliminate the probability that the defendant, who was definitely identified as the culprit by at least one witness present at the locus of the robbery, was apprehensive that the officers intended to arrest him for that offense. Likewise, the fact that there was a sawed-off shotgun thrown from the defendant's car while the officers were pursuing it, and it may have been a violation of the law to have possessed such shotgun, merely presents another possible motive for the defendant's flight but does not exclude the reasonable probability that he fled on account of guilty knowledge that he had committed the offense charged in the indictment and to avoid apprehension for that offense. It would place upon the State an impossible burden to prove that one charged with multiple violations of the law fled solely because of his consciousness that he committed one particular crime. It is better logic to infer that the defendant, who is charged with several offenses, fled because of a conscious knowledge that he is guilty of them all. At least, where an officer is about to apprehend the defendant, as in this case, 30 days after his alleged commission of a heinous crime, the offense of robbery, even though the warrant in the officer's hand is for another offense by no means excludes the reasonable inference that the defendant fled to avoid apprehension for the offense of robbery. The fact that there could be other reasons for the flight simply presents a question for the jury in considering the probability that the defendant fled because of a consciousness of guilt of the crime charged in the indictment and for which he is on trial. Flight is a circumstance for the jury; they must consider it like any other fact and determine what was the cause of the flight. *Thomas v. State*, 129 Ga. 419 (5) (59 SE 246). Flight is subject to explanation and "the weight to be given it or whether the jury would draw an inference of consciousness of guilt or

not was a question for them." *Grant v. State,* 122 Ga. 740, 743 (50 SE 946). We hold the evidence was admissible.

The defendant also contends that the admission of evidence of flight was harmful error because it revealed the defendant was charged in a warrant for a separate and distinct offense. As held in *Johnson v. State,* 188 Ga. 771 (2) (4 SE2d 639), evidence showing flight is not inadmissible because it tended at the same time to show the commission of other crimes.

3. Ground 1 of the amended motion involves the following excerpt from the trial judge's charge: "Flight, if any, and similar acts, if proved, from which an inference of guilt may be drawn, may be considered by the jury, but flight is subject to explanation. The weight to be given it, whether the jury will draw the inference of consciousness of guilt from it or not, is always a question for the jury. It is for the jury to determine whether there was flight, if such has been proved, whether it was due to a sense of guilt or from some other reason, and if from some other reason no inference harmful to the defendant could be drawn by the jury." This portion of the charge was complained of because the court did not define the phrase "and similar acts" which made the charge ambiguous and unintelligible, and because it was not authorized by the evidence.

We have already pointed out that there was evidence of flight, hence a charge on that subject was authorized, and this court has approved substantially identical language to that used in the instant charge. *Luke v. State,* 183 Ga. 302, 304 (188 SE 542); *Kalb v. State,* 195 Ga. 544, 550 (25 SE2d 24). The charge was not subject to the attacks made upon it.

*Judgment affirmed. All the Justices concur, except Cook, J., disqualified.*

Argued July 13, 1965—Decided September 9, 1965.

*William Hall,* for plaintiff in error.

*Lewis R. Slaton,* Solicitor General, *Carter Goode, J. Walter LeCraw, Arthur K. Bolton,* Attorney General, *J. R. Parham,* contra.