### 51474. CARVER v. THE STATE.

PANNELL, Presiding Judge.

The defendant was convicted of four counts of burglary. He was sentenced to six years on each count to run concurrently. He appeals the judgment of conviction and sentence.

Evidence shows that a business establishment was burglarized on January 23, 1973; a safe containing Georgia inspection stickers was stolen. Three other burglaries occurred during the night of March 6, 1973. In all four of the burglaries, the front door of the business establishment had been forced open.

Appellant's automobile and house were searched by law enforcement officials on March 9, 1973. Among the items seized were articles reported stolen in each of the above burglaries. The Georgia motor vehicle stickers were found in a Band-Aid box on a mantelpiece of a bedroom in appellant's residence.

On March 12, 1973, two items were seized from the home of Gerald Aultman. These two items were

determined to have been stolen in one of the March 6, 1973, burglaries. Aultman turned over six additional items which were identified as having been stolen in the March 6 burglaries. Aultman testified that he obtained the items from appellant.

Appellant testified in his own behalf. He denied having stolen the items found in his car and house; he denied having sold the items to Aultman. In explaining his possession of the stolen items, he testified as follows: "Well, like I said, anything that I could turn and make a dollar on . . . because there are not enough dry-wall work in Waycross to keep a good set of dry-wall guys going . . . I would buy anything that I could. In fact, I've even bought as many as four used cars from the Ford Company to fix up and turn around and sell. Anything that I could turn and make a dollar on to supplement my time when I didn't have dry-wall work to do. Because dry-wall work, as you know, here is not . . . there's not that much of new buildings going on. That's the reason at times I would have to do houses in Folkston, Homerville, even as far as Fargo. And any of these tools, I could have used. And if you would have seen the amount of tools that was in that room that they brought down here . . . I wish that they would show you the room where the tools was put that was brought from my house."

Appellant testified that he had received the portable typewriter (one of the stolen articles) from Aultman. As to the stolen Georgia inspection stickers, he said that he had seen the Band-Aid box on the mantelpiece of the extra bedroom, which had been occupied by a Freddie Brown. He presumed the box had Band-Aids in it. *Held:*

1. Appellant was arrested on March 9, 1973, and was indicted on April 11, 1973. He escaped from the county jail on June 28, 1973, while awaiting trial on the present burglary charges. The state introduced evidence of defendant's escape. Appellant urges error in the court's failure to grant a mistrial because evidence of his escape from jail was introduced. He argues that the characterization of his flight from the jail as "escape" had the effect of putting his character in evidence before he chose to do so. On prosecution for a particular crime, evidence which in any manner shows or tends to show that

the accused has committed another crime wholly distinct, independent, and separate from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible, unless there be shown some logical connection between the two from which it can be said that proof of one tends to establish the other. *Bacon v. State,* 209 Ga. 261 (71 SE2d 615).

The courts have held that evidence of escape from jail, where the defendant has been confined awaiting jail on the charge for which he is being tried, is admissible as tending to establish his guilt. *Smith v. State,* 106 Ga. 673 (2) (32 SE 851); *Coley v. State,* 135 Ga. App. 810, 812 (219 SE2d 35). See also *Patterson v. State,* 24 Ga. App. 239 (2) (100 SE 641). These decisions are not in conflict with the general rule concerning admissibility of independent crimes. Flight is a circumstance which may be weighed by the jury, in connection with other circumstances, to determine the guilt of the accused. See *Smith v. State,* supra.

Appellant further argues that the flight from jail three and a half months after the burglaries was too remote from the date of the alleged offenses to be admissible as tending to prove guilt. We cannot agree that this fact would cause the evidence of escape to be inadmissible. Rather, it would be a factor to be weighed by the jury, along with the other circumstances surrounding the flight, to determine if the flight was due to a sense of guilt or some other reason.

2. A deputy sheriff testified that some of the items seized from appellant were determined to be not stolen and were returned to appellant. Later in the trial, defense counsel demanded that the state produce a copy of an inventory of the items seized from appellant. He argues that the inventory was necessary in order to have an accurate list of all the items taken from appellant; he said that the list would show that numerous items were seized which were in fact the property of appellant. Appellant contends that this evidence would have been favorable to the defense, and that the state was required to disclose all evidence which might be helpful to him. See Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215); *Strong v. State,* 232 Ga. 294, 300 (206 SE2d 461).

The deputy sheriff had already testified that some of the seized items were determined to belong to appellant. Therefore, the jury was already apprised of the information that appellant argues the inventory would have supplied. Further, we cannot determine how this information would have tended to exonerate the defendant or reduce his punishment. Accordingly, there was no error in the court's failing to demand that the state produce the return or inventory of the property seized.

3. Considering the totality of the evidence, the jury was authorized to find that the evidence excluded every other reasonable hypothesis save that of the guilt of the accused. The verdict was supported by the evidence and the law.

4. All other enumerations of error were not supported in appellant's brief by argument or citation of authority. They are therefore deemed abandoned. *Dobbs v. State,* 132 Ga. App. 368 (208 SE2d 178).

*Judgment affirmed. Quillian and Clark, JJ., concur.*

SUBMITTED NOVEMBER 5, 1975 — DECIDED JANUARY 7, 1976.

*E. Kontz Bennett, Jr.,* for appellant.
*Dewey Hayes, District Attorney, Stephen B. Taylor, Assistant District Attorney,* for appellee.