## 51534. JONES v. TYRE.

MARSHALL, Judge.

This appeal is from a verdict and monetary judgment in favor of the appellee-defendant below, Tyre, based upon his cross complaint. The case originated in an automobile collision at an intersection between two cars operated by appellant Jones and appellee Tyre in Jesup, Georgia. Jones pulled into a main thoroughfare from an intersecting side street and stopped, blocking a traffic lane. Tyre crashed into the side of Jones' vehicle. Applying the doctrine of comparative negligence, the jury

found for Tyre and assessed damages in the amount of $1,500. Jones brings this appeal enumerating as error three portions of the charge of the trial court. *Held:*

1. In his first enumeration appellant complains the trial court presented an improper basis for recovery of damages by Tyre by authorizing the jury to find property damages, whereas Tyre in his cross complaint had asked only for damages arising out of pain and suffering.

On the question of damages, the trial judge first gave a general introductory instruction covering both parties to the trial. Plaintiff Jones was seeking damages for personal injuries, loss of wages, property damages, and pain and suffering. Defendant in his cross complaint sought only damages for pain and suffering. Faced with these differing pleadings, the court prefaced its charge on damages by stating, "If the jury finds that either the petitioner or defendant on his cross bill is entitled to recover on account of damage to his property or himself, it would be the duty of the jury to determine the amount of damage in either case." Immediately after this general statement, the court correctly stated exactly what damages Jones sought by his complaint, stating the amount thereof and the various kinds of damages involved. He then limited the defendant's claim for damages to the stated amount and based solely upon pain and suffering. The court then isolated by definition each of the types of damages claimed by Jones, requiring the jury to find such an injury and that each, individually, was the proximate result of the act of negligence of the defendant, Tyre. Thus, the trial court charged jointly as to the two parties where common principles of law applied, but carefully separated the legal contentions and applicable law where they were different.

Where a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence. *Todd v. Fellows,* 107 Ga. App. 783 (131 SE2d 577). Thus, we find no error where it is unlikely that the instructions considered as a whole would mislead a jury of ordinary intelligence. *Thomas v. Barnett,* 107 Ga. App. 717 (5) (131

SE2d 818). While the specific portion of the charge of which complaint is made when torn asunder and considered as a disjointed fragment may be objectionable, when put together and considered as a whole, we find this portion of the charge to be perfectly sound. *Mendel v. Pinkard,* 108 Ga. App. 128, 134 (132 SE2d 217).

2. In his second enumeration of error, appellant Jones complains that the trial court erred in refusing to charge, upon request, on the impact of intoxication upon the issue of Tyre's negligence. Jones had not alleged intoxication as a ground of Tyre's negligence in his complaint, though he did specify four other grounds of negligence. Cf. *Southern R. Co. v. Lomax,* 109 Ga. App. 484, 487 (3) (136 SE2d 485). Evidence of the consumption of an intoxicant came up during the trial in the context of showing a prior inconsistent statement and a faulty memory. Tyre testified he drank two beers approximately four hours before the accident, and in a previous deposition he had said, "I am not for sure but I don't think I had more than two." The instruction requested was: "I charge you members of the Jury that you may consider the physical condition of the drivers of the car involved in the collision in question, which would include their intoxication or lack of intoxication, and what effect that would have on drivers of the cars." However, no evidence was ever introduced to show any impairment of physical faculties.

The quantum of evidence authorizing a charge on intoxication must depend on the facts in each case and upon the sound discretion of the trial judge. While evidence of the consumption of a quantity of beer would authorize the trial judge to instruct on the issue of the effect of such consumption upon the question of negligence, in the absence of an allegation or showing of "intoxication," i.e., an appreciable impairment of the physical faculties, the trial judge was not required to do so. See, *Bentley v. Ayers,* 102 Ga. App. 733, 736 (117 SE2d 633); *Carr v. John J. Woodside Storage Co.,* 103 Ga. App. 858 (3) (120 SE2d 907).

3. The third enumeration of error complains that the trial court did not give a verbatim instruction in the language requested and that mere recitation of the

pertinent statutory language did not conform the law to the facts of the case. The requested instruction dealt with the requirement of one proceeding on a main throughway and having the right-of-way to yield that right-of-way to another who had previously and properly entered an intersection crossing the throughway. The trial court did give the substance of such an instruction.

Failure to charge in the exact language requested, where the charge given substantially covered the same principle is not error. *Welsh v. Fowler,* 124 Ga. App. 369 (5) (183 SE2d 574); *Hardwick v. Price,* 114 Ga. App. 817 (3) (152 SE2d 905).

When considered as a whole and not considered in disjointed fragments, the charge fairly and comprehensively presented the legal parameters and guidelines required for a reasoned decision by the jury. Hobart Bros. Co. v. Malcolm T. Gilliland, Inc., 471 F2d 894, (412 U. S. 923, 37 LE2d 150) cert. den. 93 SC 2736; *Womack v. St. Joseph Hospital,* 131 Ga. App. 63 (205 SE2d 72). We find no substantial error in the charge.

*Judgment affirmed. Pannell, P. J., and Evans, J., concur.*

SUBMITTED JANUARY 5, 1976 — DECIDED FEBRUARY 12, 1976.

*Zorn & Royal, William A. Zorn, John R. Johnson,* for appellant.

*Thomas & Howard, Hubert H. Howard, W. Glover Housman,* for appellee.