## 51818. STRICKLAND v. THE STATE.

DEEN, Presiding Judge.

1. It is a settled rule of evidence in this state that evidence of flight may be submitted to the jury, and that they may infer guilt therefrom. *McKuhen v. State,* 216 Ga. 172 (115 SE2d 330); *Herndon v. State,* 132 Ga. App. 747 (209 SE2d 26). The same rule has been followed as to an escape from jail while awaiting trial. *Patterson v. State,* 24 Ga. App. 239 (100 SE 641). In the same manner it is permissible to show that the defendant forfeited an appearance bond in the case in which he is on trial. *Woody v. State,* 37 Ga. App. 338 (140 SE 396); *Elliott v. State,* 33 Ga. App. 825 (127 SE 877); *Jones v. State,* 26 Ga. App. 635 (107 SE 166); *Davis v. State,* 11 Ga. App. 804 (76 SE 391). It was accordingly not error to deny a motion for mistrial when the state's attorney asked the defendant on cross examination whether he had forfeited his recognizance.

2. The defendant was found under a school stairway at night and charged with burglary. On the trial he contended that the door was open and he had entered to go to a bathroom. Police officers testified that he had told them he entered with intent to obtain food from the cafeteria. Since this is the only evidence in the case that the defendant entered with intent to commit a felony or theft (the gravamen of the offense) it is important to decide whether the testimony was admissible only in rebuttal, or whether it has probative value. Since the taking of food would have been a theft, it might well, with proof of entry, be sufficient to convict. Cf. *Stephens v. State,* 127 Ga. App. 416 (1) (193 SE2d 870). It has also been held that it is competent to prove the defendant ascribed a certain motive for his conduct and that such motive was false, where from these facts the jury may form an inference that his true motive was as charged in the indictment. *Tompkins v. State,* 17 Ga. 356 (2). The testimony was admissible and had probative value on the issue of guilt or innocence.

*Judgment affirmed. Quillian and Webb, JJ., concur.*

SUBMITTED FEBRUARY 4, 1976 — DECIDED FEBRUARY 16, 1976.

*J. Douglas Willix,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald J. Stein, Assistant District Attorneys,* for appellee.