30709. WELBORN et al. v. THE STATE.

HALL, Justice.

Welborn and Hitchcock obtained entry into the home of the victim and with a pistol robbed him of various items. He knew the robbers and identified them to officers. They were arrested and remained incarcerated until some two and one-half months later when they escaped by walking away from a work detail at the jail and fled the state. They were apprehended, convicted on their pleas of guilty to the crime of escape, and sentenced. At their subsequent armed robbery trial, from which the instant appeal was taken, evidence of the flight was introduced and the state urged an inference of consciousness of guilt. The jury were told merely that defendants fled; they heard nothing of indictment, plea or sentence concerning the crime of escape. There was ample evidence of guilt of armed

robbery, and defendants were convicted and sentenced to 20 years.

1. The court's permitting the testimony concerning escape and charging the law of flight was not error for any of the asserted reasons. The flight was not too remote in time from the crime (*Johnson v. State,* 188 Ga. 771, 772 (4 SE2d 639) (1939); see *McKuhen v. State,* 216 Ga. 172 (3) (115 SE2d 330) (1960)); nor was evidence of it inadmissible because it tended to show the commission of another crime, namely escape, without meeting the usual criteria for introduction of evidence of other crimes. *Fulford v. State,* 221 Ga. 257, 259 (144 SE2d 370) (1965); *Johnson v. State,* supra, 188 Ga. p. 773. The state was not required to charge the escape in the same indictment as the armed robbery or forgo the flight evidence; and the contention is frivolous that defendants were subjected to double jeopardy by virtue of the admission of this evidence.

2. The mere fact that robbery by intimidation is a lesser included offense of armed robbery does not mean that the court is necessarily required to charge the former without request on trial for the latter. See *State v. Stonaker,* 236 Ga. 1 (1976). "[I]t is not error in an armed robbery case to fail to charge on robbery by intimidation where there is evidence of robbery by use of an offensive weapon, but no evidence of robbery by intimidation." *Bixby v. State,* 234 Ga. 812, 814 (218 SE2d 609) (1975). Accord, *Lawrence v. State,* 235 Ga. 216, 219-220 (219 SE2d 101) (1975).

3. The remaining enumeration is also without merit.

4. The record of the escape convictions of appellants is not necessary to enable us to consider the enumeration of error based upon reference to that offense at the armed robbery trial; accordingly, the motion for a supplemental record is denied.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 9, 1976 — DECIDED FEBRUARY 18, 1976.

*J. Cleve Miller,* for appellants.

*Clete D. Johnson, District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler,* for appellee.