## 52719. FLANNIGAN v. THE STATE.

Marshall, Judge.

Appellant was charged with the misdemeanor offense of theft by taking, in that she placed three items of meat in her purse and attempted to leave a food store without paying for the merchandise. She was convicted and sentenced to twelve months imprisonment. Appellant presents as enumerations of error two allegedly erroneous charges of the trial court. *Held:*

1. In her first enumeration of error, appellant alleges the trial court erred in giving the following instruction: "Now in a criminal case, the standard by which acts are to be judged is that of the conduct of a reasonable person, and when the evidence shows conduct which deviates from such normal behavior and a Penal Statute is violated thereby, it is adjudged to be criminal."

This charge of the court was given during the definitional portion of the court's instructions. It followed immediately a discourse on intention. As we read this portion of the charge, it appears that the court was informing the jury in substance that lawful conduct performed in a reasonable and lawful manner is socially acceptable conduct. On the other hand conduct which is

unreasonable and not socially acceptable and which violates a criminal law is not lawful but understood to be criminal in nature.

We do not recommend the questioned charge as a model of clarity or even one to be emulated. Nevertheless, where a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence. *Todd v. Fellows,* 107 Ga. App. 783 (131 SE2d 577). There is no error where it is unlikely that the instructions considered as a whole would mislead a jury of ordinary intelligence. *Thomas v. Barnett,* 107 Ga. App. 717 (5) (131 SE2d 818). While the specific portion of the charge of which complaint is made when torn asunder and considered as a disjointed fragment may be objectionable, when put together and considered as a whole, the charge is perfectly sound. *Mendel v. Pinkard,* 108 Ga. App. 128, 134 (132 SE2d 217); *Jones v. Tyre,* 137 Ga. App. 572, 574 (224 SE2d 512); *Geter v. State,* 219 Ga. 125, 134 (132 SE2d 30). We find no prejudice to appellant's substantial rights in the questioned charge. Accordingly, this enumeration is without merit.

2. In her second enumeration of error, appellant complains that the court improperly charged the law of parties to crime. The evidence does not compel a conclusion that the several persons accompanying appellant at the time she took the meat were engaged in a common enterprise with her, but the evidence certainly supports such an inference. A fair reading of the evidence reflects that there were several persons walking in the store together and that one or more of those persons placed meat in their purses. These same individuals left the store at about the same time and attempted to avoid detection and apprehension. When the evidence tends to show a conspiracy, a charge upon the subject is not error even if not alleged in an accusation or indictment. *Montgomery v. State,* 128 Ga. App. 116, 117 (3) (195 SE2d 784). There was no error in charging on the law of parties to crime.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

SUBMITTED SEPTEMBER 9, 1976 — DECIDED SEPTEMBER 20, 1976.

*Jack H. Affleck, Jr.,* for appellant.
*Ken Stula, Solicitor,* for appellee.