## 56929. JOHNSON v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction for burglary. *Held:*

1. It is alleged that the trial court erred in permitting the state to "indirectly put the accused's character into evidence." On cross examination of the accused, the state asked: "Q. Mr. Johnson, you still maintain you're wholly innocent; is that right? A. That's right. Q. Now, we took a luncheon break a few minutes ago. You tried to escape from the deputy sheriff downstairs, didn't you? . . . A. Yes, I did make an attempt." Counsel objected and made a motion for a mistrial. The objection was not sustained and the motion was denied. We find no error.

Flight is always a circumstance which may be shown and a jury is authorized to take into account in determining guilt or innocence of an accused. *Richardson v. State,* 113 Ga. App. 163 (2) (147 SE2d 653); *Woodruff v. State,* 233 Ga. 840, 842 (213 SE2d 689). "[I]t is not necessary that the flight take place immediately." *McKuhen v. State,* 216 Ga. 172 (3) (115 SE2d 330). Fifteen to twenty minutes after the alleged crime is relevant. *Sullivan v. State,* 222 Ga. 691, 693 (152 SE2d 382). Nor is such evidence barred when the person flees after becoming a suspect. *McKuhen v. State,* supra. Evidence of flight is admissible when it occurs one month after the crime (*Fulford v. State,* 221 Ga. 257 (2) (144 SE2d 370)) or two and one-half months later (*Welborn v. State,* 236 Ga. 319 (1) (223 SE2d 698)). Evidence that an accused fled when seeing a police officer who he thought might want to arrest him is admissible. *Green v. State,* 127 Ga. App.

713, 715 (194 SE2d 678). Where a suspect escapes from jail, such evidence is admissible as tending to establish his guilt. *Carver v. State,* 137 Ga. App. 240, 242 (223 SE2d 275); *Welborn v. State,* supra. Further, evidence that the defendant forfeited his appearance bond is admissible as tending to show flight. *Jones v. State,* 26 Ga. App. 635 (3) (107 SE 166); *Strickland v. State,* 137 Ga. App. 628 (1) (224 SE2d 809). Thus, we have found evidence of flight admissible whether it occurs at the time of the incident, shortly thereafter, when he becomes a suspect, when he thinks he is about to be arrested, and after he has been placed in jail, and even for failing to show up at the time of trial and forfeiting his appearance bond. Is it permissible to go one step further and show that the accused attempted to escape during the trial? We find that it is.

"Where there is some evidence from which the guilt of one accused of crime can be legitimately inferred, it is entirely within the province of the jury to draw that inference." *Wheeler v. State,* 18 Ga. App. 15 (5) (88 SE 712). "When facts are such that the jury, if permitted to hear them, may or may not make an inference pertinent to the issue, according to the view which they may take of them, in connection with the other facts in evidence, they are such that the jury ought to be permitted to hear them." *Harris v. State,* 142 Ga. App. 37, 41 (234 SE2d 798); *Ball v. State,* 145 Ga. App. 254 (243 SE2d 672). " 'Any evidence is relevant which logically tends to prove or disprove a material fact . . . and every act or circumstance serving to elucidate or to throw light upon a material issue or issues is relevant.' " *Toole v. State,* 146 Ga. App. 305 (7) (246 SE2d 338). "[W]here the relevancy or competency of evidence is doubtful, it should be admitted and its weight left to the determination of the jury." *Lovejoy v. Tidwell,* 212 Ga. 750, 751 (95 SE2d 784); *Guy v. State,* 138 Ga. App. 11 (2) (225 SE2d 492). The court did not err in permitting evidence of the accused's attempt to escape from custody during the trial.

2. The trial court charged the jury correctly on the rule of reasonable doubt and concluded: "I charge you, however, that *the State is not required to prove a defendant's guilt beyond a reasonable doubt* or to a mathematical certainty . . ." (Emphasis supplied.)

"Inaccuracies in a charge which do not mislead or obscure meaning, do not require a new trial." *Cauley v. State,* 137 Ga. App. 814, 816 (224 SE2d 794). However, this is not just an inaccurate charge. The court gave two conflicting charges. We have no way of knowing which one the jury chose to follow. " '[T]he court should not give conflicting rules of law in charge and leave the jury to choose between them; where an erroneous statement is made it is not cured by a correct statement in another portion of the charge unless the jury's attention is called to the correction by a retraction of the erroneous statement or in some other like manner.' " *Cameron v. State,* 123 Ga. App. 282, 283 (180 SE2d 554). There was no correction or retraction of the incorrect charge.

We are aware of the rule of *Leonard v. State,* 146 Ga. App. 439, 444 (246 SE2d 450), which was also written by the author of this opinion, but under the different facts of that case we found harmless error. We are unable to do so in the instant case when the principal theory relied upon by the defendant was that the evidence left a doubt as to his guilt. If the incorrect charge did not actually deny him this defense, it may well have misled or confused one or more of the jurors as to which standard to apply to the evidence. We cannot presume the error was harmless. See *Walker v. State,* 146 Ga. App. 237 (2) (246 SE2d 206).

*Judgment reversed. Bell, C. J., Webb, Smith, Shulman and Birdsong, JJ., concur. Deen, P. J., McMurray and Banke, JJ., concur in part and dissent in part.*

SUBMITTED NOVEMBER 7, 1978 — DECIDED JANUARY 15, 1979.

*Lawson & Washington, A. Michael Washington,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Jesse L. Echols, Assistant District Attorneys,* for appellee.

MCMURRAY, Judge, concurring in part and dissenting in part.

I concur fully with Division 1 of the majority opinion.

However, I must dissent from Division 2 wherein the majority holds that the trial court gave an erroneous charge which could not be deemed harmless in view of the "principal theory relied upon by the defendant . . . [being] . . . that the evidence left a doubt as to his guilt."

Just prior to the giving of the questioned portion of its charge, the trial court had amply charged the jury the provisions of Code Ann. § 26-501 (Ga. L. 1968, pp. 1249, 1266) (presumption of innocence and the state's burden of proof beyond a reasonable doubt). Immediately following, the trial court charged a definition of "reasonable doubt."

Next came the questioned portion of the charge wherein the trial court charged: "I charge you, however, that the State is not required to prove a defendant's guilt *beyond a reasonable doubt* or to a mathematical certainty. Moral and reasonable certainty is all that can be expected in a legal investigation." (Emphasis supplied). This emphasized language undoubtedly was a slip of the tongue inasmuch as it is my opinion the trial court intended to say *"beyond all doubt"* at this point in its charge instead of *"beyond a reasonable doubt."* (Emphasis supplied). I would hazard to say that for years and on countless occasions the trial courts of this state (and I dare say also this very same experienced and learned trial judge in the case sub judice) have used the following or similar language: "The State, however, is not required to prove the guilt of the defendant *beyond all doubt* or to a mathematical certainty. Moral and reasonable certainty is all that can be expected in a legal investigation."

Subsequent to giving the questioned portion of its charge the trial court charged the jury: "I charge you that if you believe beyond a reasonable doubt that at any time within four years next before this indictment was returned in this Court, that this defendant did commit the offense of burglary by entering the building, place of business named in the indictment, and, further, that he intended to commit a felony or theft therein, then you would be authorized to find the defendant guilty of burglary as charged. If, on the other hand, you do not believe beyond a reasonable doubt that the defendant entered or remained within the building and/or the place named in the indictment, or if you find there was no

intention to commit a felony or theft therein, or if you have a reasonable doubt as to the guilt as charged, then you would find him not guilty and acquit him."

The trial court also charged on the lesser offense of criminal trespass. However, after deliberation the jury returned a verdict finding the defendant guilty of burglary.

In my view the judgment of the trial court should be affirmed as I agree with the holding in *Flannigan v. State,* 139 Ga. App. 590, 591 (229 SE2d 98), wherein it was held: "We do not recommend the questioned charge as a model of clarity or even one to be emulated. Nevertheless, where a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence. *Todd v. Fellows,* 107 Ga. App. 783 (131 SE2d 577). There is no error where it is unlikely that the instructions considered as a whole would mislead a jury of ordinary intelligence. *Thomas v. Barnett,* 107 Ga. App. 717 (5) (131 SE2d 818). While the specific portion of the charge of which complaint is made when torn asunder and considered as a disjointed fragment may be objectionable, when put together and considered as a whole, the charge is perfectly sound. *Mendel v. Pinkard,* 108 Ga. App. 128, 134 (132 SE2d 217); *Jones v. Tyre,* 137 Ga. App. 572, 574 (224 SE2d 512); *Geter v. State,* 219 Ga. 125, 134 (132 SE2d 30). We find no prejudice to appellant's substantial rights in the questioned charge. Accordingly, this enumeration is without merit."

Moreover, although the defendant has not enumerated as error that the evidence does not support the verdict and judgment, that the same is contrary to law, contrary to the evidence and contrary to the principles of justice and equity, I am compelled to offer that the record and transcript contains sufficient evidence to support the jury's verdict. As the result of signals from a burglar alarm system the defendant was apprehended, in the early morning hours, squatting down behind a display counter of merchandise inside a grocery store building which was closed for business at the time as the owner had

"locked up" at 9 o'clock the night before. The defendant had black socks or stockings on his hands when apprehended. A hole had been cut in the roof of the grocery store large enough for a man to come through. Approximately 78 cartons of cigarettes had been stacked "back where the hole was" and some frozen food packages and meats were found packed in a bag.

A police officer, who had questioned the defendant while still in the store, testified on direct examination by the state: "Q. Then, would you tell us what information you talked with him about after you had warned him of his rights fully? A. Yes, sir. After I gave him his rights, which I asked him several questions. One I asked him was did he indeed commit the crime of burglary. He said he was up there. I asked him also was he by himself, and he said he was by himself. That's what he told me at the time, and I asked him how was, did he intend to get the merchandise out of the building and back to where he stayed, and he said he was going to call a friend once he got out of the building. Also, I asked how did he get in, and he said he chopped a hole through the roof and dropped through the hole of the roof."

The defendant testified in his own behalf and in response to defense counsel's question: "Q. Would you please explain to the Court and jury what you were doing inside that building?" he testified that he was on his way to see his brother. As he was passing by the grocery store a policeman came to the door and "told me to step in, and just said . . . to get back there, behind the counter. So, I got back there, behind the counter. . . So, he said, put your hands up, and I raised my hands up. He said, put them up further, just as fer as you can get'em, but before he told me that, he told me to get those socks and put 'em on." The defendant denied that he committed the offense of burglary. He testified that he never came through the roof nor did he make any admissions to the police officer who had previously testified.

I, therefore, respectfully dissent as to Division 2. It is my view that a new trial should not be granted as it is unlikely that the trial court's charge, considered in its totality, misled the jury in the case sub judice.

I am authorized to state that Presiding Judge Deen

and Judge Banke join in this dissent.