64207. DEAN v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted for the offenses of robbery by force, kidnapping, motor vehicle theft and escape; and also as an habitual offender. The motor vehicle theft count was dismissed at the close of the state's evidence during the trial upon motion of the defense. He was then convicted of robbery by force, kidnapping and escape, the escape occurring after he was arrested but prior to his conviction, a misdemeanor. He was then sentenced to serve concurrently 12 months for the misdemeanor count of escape and 20 year terms concurrent for robbery by force and for kidnapping as an habitual offender, provided that after service of the first 15 year portion of said sentences the remaining 5 years to be served on probation. A motion for new trial was duly filed, later amended and after a hearing, denied. Defendant appeals. *Held:*

1. The first enumeration of error contends "[t]he trial court erred in failing to grant the Motion for New Trial as amended upon each and all of the grounds therein set forth and in overruling and denying the Motion for New Trial." Defendant then proceeds to argue by brief under this enumeration a number of the grounds contained in the motion for new trial. We do not condone this method of seeking a review as to the alleged errors committed. Code Ann. § 6-810 (Ga. L. 1965, pp. 18, 29; 1965, pp. 240, 243; 1968, pp. 1072, 1077) requires the various enumerations relied upon be set out separately. Thus matter raised in the brief will not be considered when the issue

was not enumerated as error. *Irvin v. Askew,* 241 Ga. 565, 566 (2) (246 SE2d 682); *Calhoun v. Patrick,* 116 Ga. App. 303 (157 SE2d 31). Each enumeration should be concise. A mere general enumeration to the denial of an amended motion for new trial is insufficient. However, we have examined the various arguments found in the defendant's brief and find no reversible error.

(a) There was no error or abuse of discretion on the part of the trial court in denying the defendant's motion to sever the escape charge from trial with the other charges. See *Carter v. State,* 155 Ga. App. 840, 842-843 (2) (273 SE2d 417). The evidence of the escape would obviously be admissible on the trial of the case to prove flight. See *Welborn v. State,* 236 Ga. 319, 320 (1) (223 SE2d 698); *Carver v. State,* 137 Ga. App. 240, 241 (223 SE2d 275).

(b) The display of the photographic lineup to the jury and the allowance of same in evidence was not error. See *Cooper v. State,* 182 Ga. 42 (2) (184 SE 716); *Clark v. State,* 159 Ga. App. 136, 137 (2) (282 SE2d 752).

(c) We find no reversible error in the court's charge as to flight (authorized by the evidence), credibility of witnesses (a general charge), or that the charge in any way "placed a greater burden on the defendant" as contended by defendant based upon *Burns v. State,* 135 Ga. App. 842, 843 (3) (219 SE2d 487), which holding we note, has been overruled in *Moran v. State,* 139 Ga. App. 274, 276 (228 SE2d 216).

2. The defenses offered by the defendant were that of alibi and misidentification, and he also contends the state has not met its burden of proof and should not have included the escape count with the other counts listed on the indictment. Our ruling above as to the denial of the motion to sever disposes of the question of the inclusion of the escape count. The evidence did not demand a finding in favor of the defendant. We have examined the record and transcript and find no reversible error with reference to the sufficiency of the evidence to convict even though the jury might have acquitted him based upon his testimony as to alibi and misidentification. We therefore determine that a rational trier of fact (the jury in the case sub judice) could reasonably have found from the evidence adduced at trial proof of the guilt of the defendant beyond a reasonable doubt of the offenses for which he was indicted. See *Drake v. State,* 245 Ga. 798, 799 (267 SE2d 237); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628); *Caffo v. State,* 247 Ga. 751, 754 (279 SE2d 678).

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED JULY 9, 1982.

*Otis L. Scarbary,* for appellant.
*Willis B. Sparks III, District Attorney, G. F. Peterman, Assistant District Attorney,* for appellee.